## C. P. LEWIS v. HOUSTON ELECTRIC COMPANY.

Decided June 2, 1905.

**1.—Carrier of Passengers—Street Railway—Degree of Care.**

Where the pleading and evidence raised the issue whether or not plaintiff sustained the relation of passenger to the carrier at the time he attempted to board a moving street car, and was injured, in so doing, a charge which required him to prove that his injuries were caused by the failure of the employes operating the car to use ordinary care was error, requiring the reversal of a judgment against him, and this although the undisputed evidence showed that such employes failed to exercise any degree of care.

**2.—Same—Passenger on Street Car Defined.**

When a person desiring to become a passenger upon a street car stations himself at a place where the cars are accustomed to receive passengers, and signals or calls to the motorman of an approaching car to stop the car, and such signal is seen by the motorman and the car halted, an acceptance of the offer to become a passenger will be implied from the motorman's act in stopping the car, and such person will be regarded as a passenger while he is in the act of getting upon the car.

**3.—Same—Boarding Moving Car—Contributory Negligence.**

If, in such case, the party attempts to board the car before it comes to a full stop, he is not necessarily guilty of contributory negligence; and if the speed of the car was slackened to such an extent as to lead him to believe that it was being stopped to allow him to get on, and a person of ordinary care would have so believed and have attempted to get on the car, he should be regarded as a passenger while making the attempt; and it is immaterial that the motorman may not have intended to stop the car for the purpose of allowing him to get on.

**4.—Contributory Negligence—Burden of Proof.**

The burden of proof is on the plaintiff to refute the charge of contributory negligence only in cases in which the allegations of his petition or his evidence shows negligence on his part, as a matter of law, and a charge placing such burden on him under other circumstances is error.

**5.—Assignment of Error—Briefs.**

A technical failure in the brief to number the assignments of error consecutively as required by the rule, and a failure to refer to the page of the transcript from which the statement under an assignment is made—such statement being full and its accuracy not questioned—held, not to warrant the court in refusing to consider the assignments.

**6.—Evidence of Intoxication—Corroboration.**

Where there is competent evidence tending to show that a person was intoxicated at a given time, it may be shown in corroboration that on many occasions previous to such time he had been seen in a state of intoxication, or under the influence of liquor.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Hume, Robinson & Hume,* for appellant.—1. It was reversible error for the trial court to charge the jury that plaintiff could not recover unless he established by a preponderance of the evidence that defendant had failed to exercise ordinary care, where plaintiff could not recover except upon the theory that he was a passenger. In an action for damages by a passenger against a common carrier the doctrine of

ordinary care has no application, and the right of plaintiff to recover as a passenger can not be defeated by his failure to prove that his injuries resulted from defendant's failure to exercise ordinary care. St. John v. Railway Co., 80 S. W. Rep., 235; Knauff v. St. Ry. Co., 70 S. W. Rep., 1011; St. Ry. Co. v. Broadhurst, 68 S. W. Rep., 315; Railway Co. v. Harrison, 73 S. W. Rep., 38; Gary v. Gulf, C. & S. F. Ry. Co., 42 S. W. Rep., 576; Galveston, H. & S. A. Ry. Co. v. Morris, 60 S. W. Rep., 813; Railway Co. v. Welsch, 86 Texas, 203; Railway Co. v. Humphreys, 62 S. W. Rep., 791; Railway Co. v. Byers, 70 S. W. Rep., 558; El Paso Electric Co. v. Harry, 83 S. W. Rep., 735.

2. It was reversible error to submit to the jury plaintiff's right to recover, as depending upon the question whether defendant actually knew plaintiff's purpose or intention to board the car as a passenger. Corlin v. St. Ry. Co., 154 Mass., 197; Street Ry. Co. v. Williams, 140 Ill., 275, 29 N. E. Rep., 672; Street Ry. Co. v. Spahr (Ind), 4 Am. Elec. Cas., 416; Pfeffer v. Street Ry. Co. (N. Y.), 4 A. E. C., 439; Keaton v. Traction Co. (Pa.), 44 L. R. A., 546; Railway Co. v. Jennings, 54 L. R. A., 827; Street Ry. Co. v. Meixner, 160 Ill., 320, 31 L. R. A., 331; Maxey v. Railway Co., 68 S. W. Rep., 1063; Maguire v. Railway Co., 78 S. W. Rep., 838; McCarty v. Railway Co., 80 S. W. Rep., 1062; Houghton v. Railway Co., 81 S. W. Rep., 695; Cohen v. Chicago St. Ry. Co., 60 Fed. Rep., 698; Railway Co. v. Reid, 60 Fed. Rep., 694; Railway Co. v. Brown, 58 S. W. Rep., 44; Knauff v. Street Ry. Co., 70 S. W. Rep., 1011; Street Ry. Co. v. Broadhurst, 68 S. W. Rep., 315; Street Ry. Co. v. Payne, 78 S. W. Rep., 1085; Fuller v. Street Ry. Co., 74 S. W. Rep., 940; St. John v. Railway Co., 80 S. W. Rep., 235; Railway Co. v. Gray, 71 S. W. Rep., 316; Railway Co. v. Morgan, 64 S. W. Rep., 688; Railway Co. v. Overfield, 47 S. W. Rep., 684; Mills v. Railway Co., 94 Texas, 242; Railway Co. v. Williams, 42 S. W. Rep., 855; Railway Co. v. Humphreys, 62 S. W. Rep., 791; Transit Co. v. Lusk, 66 S. W. Rep., 798; Railway Co. v. Byers, 70 S. W. Rep., 558; Railway Co. v. Mathews, 73 S. W. Rep., 411; Webster v. Railway Co., 24 L. R. A., 521; Car v. Railway Co. (Cal.), 21 L. R. A., 354; Phillips v. Railway Co., 45 L. R. A., 163, and notes; Railway v. Fahr (Ark.), 68 S. W. Rep., 243; Smith v. Railway Co. (Ala.), 7 L. R. A., 323; Railway Co. v. Rose (Ky.), 22 S. W. Rep., 745; Jacobs v. Transit Co., 80 S. W. Rep., 309; Leu v. Transit Co., 80 S. W. Rep., 273; Ikenberry v. Transit Co., 80 S. W. Rep., 360; Shanahan v. Transit Co., 83 S. W. Rep., 783.

3. It was reversible error for the court to submit to the jury as affecting plaintiff's right to recover, the question whether defendant checked the car for the express purpose of admitting plaintiff thereto as a passenger. Maxey v. Metropolitan St. Ry. Co., 68 S. W. Rep., 1064; Maguire v. Street Ry. Co., 78 S. W. Rep., 838; Pfeffer v. Street Ry. Co., 4 A. E. C., 439; Street Ry. Co. v. Spahr (Ind.), A. E. C., 416; Street Ry. Co. v. Duggan (Ill.), A. E. C., 409; Corlin v. Street Ry. Co. (Mass.), 4 A. E. C., 406; Railway Co. v. Rose (Ky.), 22 S. W. Rep., 745, 4 A. E. C., 429; Texas Midland Ry. v. Brown, 58 S. W. Rep., 44; Street Ry. Co. v. Meixner, 31 L. R. A., 331; Stottard v. Street Ry. Co., 80 S. W. Rep., 33; Shanahan v. Transit Co., 83 S. W. Rep., 783; Street Ry. Co. v. Broadhurst, 68 S. W. Rep., 315.

4. It was reversible error for the court to submit to the jury plaintiff's right to recover, as depending upon defendant's express invitation to, and acceptance of, plaintiff as a passenger, where plaintiff sought to recover as upon an implied invitation and acceptance. Street Ry. Co. v. Payne; Moore v. Kennedy, 81 Texas, 147; Smith v. Telegraph Co., 88 Texas.

5. Where one properly offering himself as a passenger is misled, by the carrier's acts, in to the belief that he has been accepted as a passenger, and acts upon such belief as a reasonable man, and in so doing is injured while boarding the car through its being suddenly started, the carrier is estopped from denying the subsistence of the relation of passenger and carrier. Texas Midland Ry. Co. v. Brown, 58 S. W. Rep., 47; Gulf, C. & S. F. Ry. v. Morgan, 64 S. W. Rep., 689; Street Ry. v. Spahr, 4 A. E. C., 416; Pfeffer v. Street Ry. Co., 4 A. E. C,, 439; Railway Co. v. Humphreys, 62 S. W. Rep., 791; Maney v. Street Ry. Co., 68 S. W. Rep., 1063; Maguire v. Transit Co., 78 S. W. Rep., 842.

6. Where defendant relies upon contributory negligence he must allege and prove it. St. John v. Railway Co., 80 S. W. Rep., 235; Houston & T. C. Ry. v. O'Neal, 45 S. W. Rep., 922; Brown v. Sullivan, 71 Texas, 474; Railway v. Watkin, 72 Texas, 634; Murray v. Railway, 73 Texas, 6; Railway v. Bennett, 76 Texas, 155; Railway v. Belt, 46 S. W. Rep., 374; Dupree v. Alexander, 68 S. W. Rep., 739; Railway v. Mahoney, 60 S. W. Rep., 902; Kroeger v. Railway, 69 S. W. Rep., 809; Pares v. Railway Co., 57 S. W. Rep., 302.

*Baker, Botts, Parker & Garwood,* for appellee.—1. We object to the consideration of the third assignment of error, and to each and every one of the five propositions submitted thereunder, because these propositions are not followed with appropriate statements, as required by the rules and decisions. The appellant has subjoined under the first and fifth propositions what he terms a statement, but this statement contains no reference to the record, and nowhere gives that portion of the record by page in which the matter to which the statement refers can be found. This is in direct violation of rule 31 (94 Texas, 660). Johnson v. Lyford, 9 Texas Civ. App., 88; Railway v. Thompson, 77 S. W. Rep., 442; Davidson v. Jefferson, 76 S. W. Rep., 765; Missouri Pac. v. Kingsberry, 25 S. W. Rep., 323; Railway v. Lee, 7 Texas Ct. Rep., 44, 74 S. W. Rep., 345; Westinghouse v. Troell, 70 S. W. Rep., 325; Railway v. Puenty, 70 S. W. Rep., 364; Parker County v. Jackson, 5 Texas Civ. App., 39; Heintz v. O'Donnell, 17 Texas Civ. App., 26; Houston Transfer Co. v. Renand, 79 S. W. Rep., 838.

2. It has been held in some jurisdictions that an attempt to board a moving car is negligence *per se.* Monroe v. Metropolitan Ry., 80 N. Y. Sup., 177; Powelson v. Traction Co., 204 Pa. St., 474; Hunterson v. Traction Co., 55 Atl. Rep., 543. We think, under our laws, it is a question of fact, but submit that the facts in this case clearly establish contributory negligence, and no inference can be drawn from them.

3. The ninth paragraph of the court's charge, complained of in the sixth assignment, requires a finding that plaintiff signaled or called to the motorman of the defendant's car to stop, for the purpose of taking

passage thereon, and that in pursuance of said signal, the car was checked for the purpose of admitting him as a passenger. This was plaintiff's theory of the case, made by his allegations and his evidence, and he can not complain if the court submitted these issues as he presented them. He testified that the motorman saw the signal he gave, and applied his brake and slowed up the car. Union Depot Co. v. Schepers, 126 Mo., 668; Clark on Street Railway Law, p. 8, sec. 3; Reidy v. Railway, 27 Misc. Rep. N. Y., 527; Binder v. Railway, 51 Ill. App., 420; Sherman & Redfield on Neg., sec. 488; Am. & Eng. Ency. of Law (2d ed.), p. 488; Joyce on Elect., sec. 528, p. 536.

4. Where the allegations in plaintiff's petition and his evidence are such as to raise the issue of contributory negligence, or lay him open to the suspicion of contributory negligence, the burden of proof is upon him to show he was not guilty thereof, and since plaintiff alleged and testified that he got on a moving car, it was necessary for him to show that he did so with due care. Railway v. Allbright, 7 Texas Civ. App., 23; Railway v. Spickes, 61 Texas, 427; Railway v. Foreman, 73 Texas, 314.

5. The weight of authority holds that plaintiff's reputation for drunkenness, and evidence of specific instances of drunkenness are admissible, in connection with evidence that he was actually drunk on the particular occasion, as tending to prove whether he was drunk at the particular time inquired about. Enwright v. City of Atlanta, 78 Ga., 28; Warner v. New York Central Ry. Co., 4 N. Y., 465; Pennsylvania Ry. v. Newmaier, 129 Ind., 401; Johnson v. Glidden, 76 N. W. Rep., 932; Cramer v. Burlington, 2 Iowa, 315; Maggi v. Cutts, 103 Mass., 540; Commonwealth v. McMannee, 112 Mass., 285; Commonwealth v. Hughes, 133 Mass., 492; Dwyer v. Bassett, 5 Texas Civ. App., 513.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellant against appellee to recover damages for personal injuries. The appellee company operates an electric street car line in the city of Houston and between that city and Houston Heights, a suburb thereof.

Plaintiff alleges in his petition that he was injured on August 29, 1903, by the negligence of defendant's employes, the circumstances under which he was injured being thus stated: "That on or about said date the plaintiff, desiring to take passage to said city by said line, and with the purpose of doing so, and being prepared to pay his fare therefor, signaled and called to a car thereof, and to the motorman of said car, whereto was attached another car called a trailer, returning from said Houston Heights, to stop where the defendant's track for incoming cars crossed the track of said Houston & Texas Central Railroad Company, it being usual and customary for the cars of said line to stop or slow at that place for the receipt of passengers; that thereupon the said cars were checked, and while passing over said crossing in slow motion, and as from said checking and slowing he believed, for the purpose of admitting him thereto, the plaintiff with due care took hold with his hand of the stanchion or the handhold thereof of the trailer, and stepped on the running board thereof, and was about to enter and seat himself therein, when said cars were, by the defendant and its servants and agents operating them, suddenly, violently and

negligently jerked and driven forward and thereby and by reason thereof the plaintiff was shaken and torn from his hold of hand and feet, thrown to the ground, his body caught and dragged by the car along and over the crossties and the track for a distance of sixty feet, his left arm cut, mashed and severed from his body by the wheels of the car, his ribs broken, wrenched and dislocated, and his head, body and limbs, members and organs bruised and lacerated in every part."

The defendant answered by general demurrer, general denial, and pleas of contributory negligence in which it is averred, in substance, that plaintiff was injured while lying in an intoxicated condition by the side of defendant's track, obscured from the view of the operatives of the car, or if he was not injured while so lying near the track, he was injured while attempting to board defendant's car at a place where said car did not stop to receive passengers and without giving any notice to the operatives of said car of his desire to become a passenger thereon.

The trial in the court below by a jury resulted in a verdict and judgment in favor of the defendant.

It is unnecessary to set out the evidence at length, it being sufficient to say that there is sufficient evidence to support the allegations of the petition, and there is also evidence sufficient to establish the averments of defendant's pleas of contributory negligence.

The accident in which appellant was injured occurred near his residence in Houston Heights and near the point at which the street car track crosses the track of the Houston & Texas Central Railroad Company. He testified as follows:

"I went through the house and out of the front door, and went across the little path that leads from my gate to the Houston & Texas Central Railroad track, that being the place I had been in the habit of getting on the Houston Electric Company's street car. I went there for the purpose of getting on that car; when the car got up pretty close to the Central tracks, I heard the two bells to go ahead, and then I yelled to the motorman to stop; he was probably eight or ten feet from me, and I threw up my hand and I yelled to him to stop; I thought the motorman was looking at me, as his face was turned towards me; I think he must have seen me as he came over the railroad track. When I yelled to the motorman, he turned off the power, and the car came over the Central tracks very slowly. It was pulling a trailer, a rear car, and as the trailer came over, and just about the time the car was off the tracks, probably three or four feet from it, they threw on the power, and the car pulled out, but, in the meantime, before they threw on the power, I had caught hold of the car, and had my foot on the running board; the extra speed thrown on it pulled my feet from under me, and I went down; that is the last I remember until after my arm was off. I was going to ride on the car. I had the money to pay my fare."

On cross examination he testified: "When I left the house I took the path and went to where the street car line crosses the Houston & Texas Central railroad. I went straight down the H. & T. C. tracks and saw the car coming; it was probably seventy-five feet from me; I was standing on the left hand side of the track from seven to nine feet from the H. & T. C. track, on the side towards town; the H. & T. C.

crosses the street car line diagonally at that place. When I gave the signal to the motorman, the car was right at the Central railroad tracks —the motor car; it had not begun to cross over; the motorman had his hand on the brake and was looking sideways towards me; I believe he saw me; there was nothing to keep him from seeing me. There was a man on the front end of the car with the motorman, on the left hand side of the motorman, and probably two feet from him. The front car was an open summer car. The car did not come to a stop before it crossed the H. & T. C. tracks; it checked up coming across the railroad track, after I gave the signal. The front car came on across; I made no effort to get on the front car; the trailer then came on across; I was standing about nine feet from the H. & T. C. track. I made an effort to get on the trailer about the second seat from the front, as well as I remember. I was on the left hand side. As well as I remember, I caught hold of the trailer with my right hand; it was going slow; I stood up on the running board; I do not think I got both my feet on the running board; I had one hand ahold of the car and one foot in mid air, and they threw on the power and gave the car a sudden jerk, and I fell; don't know whether I fell to the ground; after my head struck I don't remember anything about it; I was unconscious after that. It was good dusk or dark at the time. I gave the signal to the motorman by throwing up my hand and hollering to him; I told him to stop; I say he was looking at me and saw me; I was not under the influence of liquor at the time."

There was testimony from other witnesses to the effect that appellee's cars were frequently stopped for the purpose of receiving passengers at the place at which appellant says he attempted to board the car on this occasion.

The first assignment of error presented in appellant's brief assails the charge of the court on the ground that it instructs the jury that to entitle plaintiff to recover he must prove by a preponderance of the evidence that his injury was caused by the failure of the defendant's employes to use ordinary care in the operation of the car by which he was injured.

Paragraphs five and six of the charge are as follows: (5) "The plaintiff is required by law to prove the negligence by him alleged by a preponderance of the evidence, in order to entitle him to recover." (6) "Negligence as used in this connection means the want of or failure to use ordinary care. By ordinary care is meant that degree of care which an ordinarily prudent person would use under the same or similar circumstances to prevent injury and accident." No instruction defining negligence as between the carrier and passenger, or stating the degree of care required of a carrier for the protection of a passenger, was given the jury.

It is clear from this statement that the charge complained of required appellant to prove that his injuries were caused by the failure of appellee's employes to use ordinary care, and it is unnecessary to cite authority to sustain the proposition that a carrier owes its passengers the duty to exercise that high degree of care to prevent injury to them which a very careful, prudent and competent person would exercise under like circumstances. It follows that if the pleading and evidence

raise the issue of whether appellant sustained the relation of passenger to the appellee carrier at the time he was injured, the charge contains an affirmative misstatement of the law which will require a reversal of the judgment of the trial court.

From the evidence offered by the appellant before set out the jury were authorized to find that he left his home with the intention of taking passage on appellee's car to the city of Houston, and in furtherance of this intention he took a position near appellee's track at a place where it was accustomed to stop its cars for the purpose of receiving passengers; that when the car, on its way to the city, approached the appellant, he called and signalled to the motorman to stop, and that the motorman saw his signal or heard his call and slowed the car down and the appellant, being prepared and willing to pay his fare and believing that the car was being stopped for the purpose of taking him on as a passenger, attempted to board it, and while so doing was injured. The pleading supports these facts, and if they are true appellant was in contemplation of law a passenger at the time he received his injuries, and appellee was charged with the duty of using that high degree of care to protect him from injury which a very careful, prudent and competent person would have used under like circumstances.

It may often be difficult to determine just when the relation of carrier and passenger begins and what acts of the parties are necessary to create such relation, but there are certain well established general principles by which the facts of each particular case must be tested. The relationship may arise before the person desiring to become a passenger actually gets on the conveyance of the carrier, and it may continue after he leaves the conveyance, but it can only be created by contract between the parties expressed or implied.

From the nature of the business conducted by street car companies no expressed contract of carriage is made with the great majority of those who ride on their cars, and the essential elements of the contract, the offer and its acceptance, must ordinarily be implied from the acts of the parties. When a person desiring to become a passenger upon a street car stations himself at a place where the cars are accustomed to receive passengers and signals or calls to the motorman of an approaching car to stop the car and such signal is seen by the motorman and the car halted, an acceptance of the offer to become a passenger will be implied from the act of the motorman in stopping the car, and such person will be regarded as a passenger while he is in the act of getting upon the car. If in such case the person desiring to become a passenger attempts to board the car before it comes to a full stop, he is not necessarily guilty of contributory negligence, and if the speed of the car was slackened to such an extent as to lead him to believe that it was being stopped to allow him to get on, and a person of ordinary care would have so believed and have attempted to get upon the car, he should be regarded as a passenger while making such attempt.

It is immaterial that the motorman may not have intended to stop the car for the purpose of allowing the passenger to get on. If the latter was at a place where passengers were usually received and gave the usual signal, which was seen by the motorman, and he thereupon slackened the speed of the car to such an extent as to lead a person of

ordinary care to believe that he was thereby invited to become a passenger, such relationship would be created, the motorman not giving any warning that the car was not being stopped for the purpose of receiving passengers. Under such curcumstances the carrier would not be heard to say it had not given an implied acceptance of the offer to become a passenger.

It is a universal rule of law that one can not disclaim responsibility for the consequences which usually and naturally result from his acts. If the appellant in the exercise of ordinary care and prudence could assume that the act of the motorman in checking the car was in response to his signal and for the purpose of allowing him to board it, in acting upon such assumption and attempting to get on the car he had the right to rely upon the performance by the motorman of his duty to use that high degree of care to protect him from injury which the law requires a carrier to exercise for the safety of its passengers. In other words, if the act of the motorman who had seen appellant's signal reasonably induced appellant to believe that he was accepted as a passenger, while so believing he was entitled to protection as such.

The case of Connor v. Street Railway Company, 105 Ind., 62, announces the rule which we think should apply to all cases of this character. We quote from that opinion the following: "Being at the usual place where passengers were taken up, and having given notice to the person in charge of the car that he desired to be taken up, it was the plain duty of the driver, or person in charge, either to afford him reasonable opportunity to enter the car, or to notify the plaintiff, either by continuing the rapid pace, or in some other way, that he would not be taken. Instead of giving any sign that he would not be taken, the speed of the car was slackened, so that it was moving slowly when he attempted to get on. Having received the signal and slowed up in a manner to invite the plaintiff to get on, it was a clear act of negligence in the driver, or person in charge, not to observe the plaintiff, if he did not observe him, and, while he was getting on the car, in a manner in which the defendant usually received such passengers, to cause the car to be 'jerked' forward, as the jury found."

The view of the law above expressed finds support in the following authorities: Maxey v Street Ry. Co., 68 S. W. Rep., 1064; McGuire v. Street Ry. Co., 78 S. W. Rep., 838; Pfeffer v. Street Ry. Co. (N. Y.), 4 A. E. C., 439; Street Ry. Co., v. Spahr (Ind.), 4 A. E. C., 416; Street Ry. Co. v. Duggan (Ill.), 4 A. E. C., 409; Corlin v. Street Ry. Co. (Mass.), 4 A. E. C., 406.

Appellee contends that if it be conceded that the charge was erroneous in its statement of the degree of care required of the employes of the company, such error was harmless because the undisputed evidence shows that they failed to use any care whatever to prevent the injury, and therefore if the jury had found that appellant's statement of the circumstances under which he was injured was true, they must have found in his favor, notwithstanding the error in the charge. We can not agree with appellee in this contention. The jury might have concluded that the act of the motorman in increasing the speed of the car before appellant had succeeded in his attempt to board it was not, under

the circumstances, a failure to use ordinary care, since that act could not be held negligence as a matter of law.

The second assignment of error presented complains of the following paragraph of the charge: "If you believe from the preponderance of the evidence that it was usual and customary for defendant's cars to stop or slow up at the crossing of defendant's line over the tracks of the H. & T. C. R. R. Co., in Houston Heights, and believe that on August 29, 1903, plaintiff signaled or called to the motorman of defendant's car to stop at said crossing for the purpose of taking passage on said car, and was prepared to pay his fare, and that in pursuance of said signal the car was checked for the purpose of admitting plaintiff as a passenger, and that while in slow. motion the plaintiff, with due care, took hold of the handhold on the trailer and stepped on the running board, and that when plaintiff was about to enter said trailer, the servant or servants of defendant in charge of said car suddenly and violently and negligently started the car forward, and that by reason of such negligence of defendant's servants, if you find they were negligent, plaintiff was thrown from the car and injured, and believe said injury was caused by the negligence of defendant's servant or servants in charge of car, plaintiff is entitled to recover, and if you so find the facts to be, you will find for plaintiff."

We think two of the objections urged to this charge are valid. As we have before stated, the purpose of the motorman in checking the car was immaterial if by that act appellant, under all the circumstances. was justified in believing that he was invited to get on the car, and appellant's right of recovery ought not to have been made to depend on whether the motorman checked the car for the purpose of receiving him as a passenger. The charge is further objectionable in that it places the burden upon appellant of showing that he was not guilty of contributory negligence in attempting to board the car under the circumstances disclosed by the evidence. It is only in cases in which the allegations of the petition or the evidence of plaintiff shows negligence on his part as a matter of law that the burden is upon him to refute the charge of contributory negligence, and appellant's evidence does not bring this case within that class. (Railway Co. v. Sheider, 88 Texas, 152; Pares v. Railway Co., 57 S. W. Rep., 301; St. John v. Railway Co., 80 S. W. Rep., 235.)

Appellee objects to our consideration of the foregoing assignments on the ground that as presented in appellant's brief, they are not in conformity with the requirements of rules 29 and 31. The specific objections urged to the assignments are that they are not numbered from first to last in their consecutive order and that the statements thereunder contain no reference to the pages of the record by which they can be verified. The first assignment presented in the brief is assignment number 3 and the next is assignment number 6. Assignments numbers 1, 2, 4 and 5 are not presented. It thus appears that while the assignments presented follow each other in numerical order in the sense that the first numbered is first presented, they are not numbered consecutively as required by the rule. The evident design and purpose of the rule is to avoid the confusion and loss of time which would often occur in considering a brief which treated the first assignment last and the last

first, or presented the assignments so out of their regular order as to require an unnecessary expenditure of time on the part of the court whenever it became necessary to revert to any particular assignment presented in the brief.

The statements under these assignments contain no reference to the pages of the record for verification, but the statements are full, and appellee raises no question as to their accuracy. While this court has repeatedly held that a mere reference to the record for the statement supporting a proposition advanced under an assignment is not sufficient and in such case the assignment will not be considered, it has never been held, so far as we are aware, that an assignment followed by a full statement, the accuracy of which is not questioned, would not be considered because no reference was made to the record. These slight technical violations of the rules, if objection was made at the proper time, would be sufficient ground to require the offending party to rebrief the case, but the court is not required to refuse to consider an assignment because of any technical violation of the rules. The primary purpose and object of the rules is to promote the dispensation of justice and incidentally to aid in the despatch of the business of the court by an orderly presentation of questions raised for determination, and any method of enforcing them which would defeat this primary purpose should not be adopted by the court. Under this view of our duty in the premises we have decided that the assignments should be considered. We can not understand, however, why able and experienced counsel, familiar with the rules, should fail to fully comply with them.
· We do not think it necessary to discuss the remaining assignments presented in the brief. If they show any error it is not such as is likely to occur upon another trial. Because of the errors in the charge before indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

We have carefully considered appellee's motion for rehearing and have reached the conclusion that it should be overruled.

We deemed it unnecessary to add anything to what was said in our former opinion upon the questions there discussed, but for the guidance of the court upon another trial of the case we shall briefly discuss the questions presented by appellant's several assignments of error which complain of the action of the trial court in admitting testimony offered by defendant in support of its plea of contributory negligence to the effect that on many occasions previous to the occurrence in which he was injured, appellant was seen under the influence of intoxicating liquor.

Independent of this testimony there was evidence sufficient to sustain a finding that appellant was, as alleged by appellee, in an intoxicated condition at the time he was injured. The evidence upon this issue was contradictory, appellant testifying in his own behalf that he had not been drunk for two or three years before the time of his injury. There is an apparent conflict of authorities upon the question presented

by these assignments, but we are of opinion that the better reasoning is in favor of the admissibility of the evidence. While it is well settled that evidence that one has frequently been in a state of intoxication is not sufficient to raise the issue of whether such person was intoxicated at a particular time, when such issue has been raised by other competent evidence, we can see no reason why testimony as to the person's habits of intemperance or of sobriety should not be admitted as corroborative evidence tending to prove or disprove the alleged fact of intoxication on the particular occasion. Such evidence would certainly have a material effect upon ordinary minds in determining the issue of intoxication on the particular occasion and should be allowed to go to the jury.

If there is no evidence raising the issue of intoxication on the particular occasion under consideration, evidence as to the habits of the person in this regard would be immaterial and therefore inadmissible.

We think the cases of Railway Co. v. Kutac, 76 Texas, 473; DeWalt v. Railway Co., 55 S. W. Rep., 534; Railway Co. v. Anson, 11 Texas Ct. Rep., and McKesley v. Railway Co., 12 Texas Ct. Rep., 336, by analogy at least sustain this conclusion. The Supreme Court, in an opinion in the last named case reported in 12 Texas Ct. Rep., page 846, while expressly declining to decide the point, recognized the distinction between the question of the admissibility of testimony of this character as corroborative evidence and its competency as evidence when standing alone.

*Overruled.*