THORNBURG v. MOON.  (No. 860.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 4, 1915.)

1. FRAUDS, STATUTE OF ☞26 — DEBTS OF THIRD PERSON—CREDIT TO PROMISOR.

An agreement by a son, who desired to uphold his father's credit and to obtain goods for the latter on credit, that he would be liable for a note executed by the father, is not within the statute of frauds and need not be in writing; the credit being extended to the son.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 35–42½; Dec. Dig. ☞26.]

2. PLEADING ☞11—CONCLUSIONS — AGREEMENTS.

A petition, averring it was orally agreed that defendant should be responsible for the note of another in consideration of plaintiff's extension of credit, is sufficient, in pleading the conclusion, and need not set up the conversation.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. ☞11.]

3. ACCOUNT, ACTION ON ☞6 — OPEN ACCOUNTS —ITEMS.

A petition based upon an open account should be properly itemized.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. §§ 8–12; Dec. Dig. ☞6.]

4. TRIAL ☞194—INSTRUCTIONS—WEIGHT OF EVIDENCE.

Charges should not be on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ☞194.]

5. TRIAL ☞192—INSTRUCTIONS—ASSUMPTION OF FACTS.

It is not improper for the court to assume uncontroverted facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. ☞192.]

6. TRIAL ☞252—INSTRUCTIONS — APPLICABILITY TO ISSUES.

In an action on an account and note made by defendant's father for which it was claimed defendant agreed to be responsible, where the defense of infancy was urged and defendant testified he did not think he owed anything to plaintiff, who extended credit to the father, a charge that the verdict should be for plaintiff on the open account in case the jury believed he was entitled to recover was not proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ☞252.]

7. BILLS AND NOTES ☞460—NECESSARY PARTIES.

In an action on a note executed by defendant's father which it was claimed defendant agreed to pay, the father is not a necessary party.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1434–1443; Dec. Dig. ☞460.]

On Motion to Strike out Appellant's Brief.

8. APPEAL AND ERROR ☞767—BRIEF—SUFFICIENCY.

A brief will not be stricken because of failure to refer to the pages of the record sustaining the points urged, where it was sufficient to apprise the court of appellant's contentions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3102; Dec. Dig. ☞767.]

Appeal from Roberts County Court; J. E. Kinney, Judge.

Action by G. M. Moon against Orvale Thornburg. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

J. A. Holmes, of Miami, for appellant. Hoover & Dial, of Canadian, for appellee.

HALL, J. [1] The following statement of the nature and result of the suit by appellant having been concurred in by appellee is adopted:

"This is a suit instituted by G. M. Moon on the 24th day of November, 1914, against Orvale Thornburg. The plaintiff alleged in his petition that on or about the 1st day of March, 1913, J. E. Thornburg, the father of the defendant herein, made, executed, and delivered unto plaintiff his certain promissory note in the principal sum of $143.12, due six months after date, and payable to plaintiff, with interest at the rate of 10 per cent. per annum, from date until paid, and providing for 10 per cent. additional on principal and interest then due as attorney's fees, if placed in the hands of an attorney for collection; that by reason of the execution and delivery of said note the said J. E. Thornburg, promised to become liable and bound to pay said note, and, default being made in the payment thereof, it has become necessary, and plaintiff has placed said note in the hands of his attorneys for collection, and has agreed to pay said attorneys 10 per cent. on both principal and interest now due on said note for their services rendered and to be rendered; that defendant Orvale Thornburg, who is the son of J. E. Thornburg, in order to obtain credit with the plaintiff, who was then and is now engaged in the grocery business in the town of Miami, and in consideration of the advancement of said credit, promised, agreed, and became liable and bound to pay the said note of J. E. Thornburg, and in consideration of the advancement of said credit to this defendant he adopted and made the said note of J. E. Thornburg his indebtedness; that, in pursuance of the above agreement, plaintiff sold to defendant goods, wares, and merchandise to the extent of $72.30, at the special instance and request of the defendant, and, but for which agreement to take up and make his own the said note above described, plaintiff would not have parted with the title and possession of said goods, wares, and merchandise; that said J. E. Thornburg is now, and has been since the making of said agreement, notoriously insolvent, and owes numerous and divers bills in the town of Miami and elsewhere, and said defendant knew the financial condition of his father, J. E. Thornburg, and the reputation he had obtained for himself, with reference to discharging his obligations, and in order to clear up and discharge the unenviable reputation of his father, and to better strengthen his credits, was a part of the consideration of the adoption by the defendant of the above-described notes as his own debt," etc.

From a verdict and judgment in the sum of $262.60, this appeal is prosecuted.

The first, fourth, and fifth assignments assail the action of the court in overruling certain exceptions urged by appellant to appellee's pleading, the substance of which is above stated. These exceptions, when taken together, are simply a general demurrer to the sufficiency of the petition, and under them it is contended that the matters alleged show the agreement to pay the note to be within the statute of frauds, and, because it is not alleged that such agreement was in

writing, that it is unenforceable. All of the questions presented under these assignments have been discussed and determined adversely to appellant's contention by this court in the cases of Harp v. Hamilton, 177 S. W. 565, and Enterprise Trading Co. v. Bank of Crowell, 167 S. W. 296.

What is here said also disposes of appellant's twelfth and thirteenth assignments.

[2] By the second assignment appellant insists that the petition should disclose what was said by appellant and appellee at the time the agreement was entered into between them with reference to the payment of the J. E. Thornburg note. The fact is alleged that they did agree, and it is not proper to set out the evidence by which that fact would be established.

[3] Appellant excepted to the petition in so far as it declared upon an open account, because it did not give the dates and amounts of the several items which made up the total sum of $72.30. A petition based upon an open account should be properly itemized, and this exception should have been sustained. Hickaman v. Scudder-Gale Gro. Co., 62 S. W. 1081; Ralston v. Altman, 26 S. W. 746.

Complaint is made in the sixth assignment of special charge No. 1, requested by plaintiff and given to the jury, upon the ground that it is upon the weight of the evidence. We overrule this assignment.

[4] Special charge No. 2, also given by the court, and made the basis of the seventh assignment, is, however, upon the weight of the evidence, and this assignment is sustained.

[5] By the eighth assignment appellant urges that the court erred in the third paragraph of the charge in assuming that the defendant was a minor, and that he had subsequently reached his majority, and had failed to repudiate the debt within a reasonable time thereafter. It is not error for the court to assume undisputed facts. We are unable to tell from the statement following this assignment whether or not these facts were controverted.

[6] Plaintiff's fourth special charge, given by the court, is as follows:

"You are charged that you should return a verdict for the plaintiff upon said open account, as you believe from the evidence that he is entitled to."

Appellant testified that he did not think he owed appellee anything. In the light of this evidence, the charge was improper. If the issues of appellant's minority, when the promise was made and his subsequent ratification thereof were raised by the evidence, appellant's special charge embodying such issues should have been submitted to the jury, and the tenth assignment presenting this question is sustained.

[7] Under the allegations in the petition, J. E. Thornburg, the father of appellant, was not a necessary party to the suit.

For the errors indicated, the judgment is reversed, and the cause remanded.

### On Motion to Strike out Appellant's Brief.

[8] The grounds of the motion are principally because of the failure of the statements to refer to the pages of the record sustaining the points urged. In most instances the statements are sufficiently full to apprise us of the appellant's contention. The rule is that where a statement under an assignment is reasonably full, and its accuracy is not questioned, the failure to refer to the page of the transcript verifying the statement will not warrant this court in refusing to consider the assignment. In the motion to quash appellee nowhere questions the correctness of the facts stated. Lewis v. Houston Electric Co., 39 Tex. Civ. App. 625, 88 S. W. 489, 112 S. W. 593.

The motion is overruled.