WILLIAM O'CONNOR, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED APRIL 30, 1920. No. 20948.

1. Carriers: STREET RAILWAY: RELATION OF CARRIER AND PASSENGER. The relation of carrier and passenger on street railways is con-

O'Connor v. Omaha & C. B. Street R. Co.

tractual, and, though a person takes a position where cars usually stop, and indicates by his attitude a desire to become a passenger, yet if the motorman makes no sign nor indication to him of his consent that such person get on the car, the fact, standing alone, that the speed of the car is slackened somewhat, if not slackened sufficiently to lead a reasonably prudent person to believe that the car is being stopped to take on passengers, and if the speed is not reduced to such an extent that it would be prudent for one to attempt to get on, does not justify an attempt on his part to board the car, nor does an attempt under such circumstances impose upon the street railway company the duty toward him that it owes a passenger.

2. ———: ———: ———: Duty of Carrier. When a person attempts to board a moving street car under such circumstances as do not constitute him a passenger, the street railway company is, in any event, required to exercise reasonable and ordinary care to avoid injuring him; but when it is not shown that the operators of the car knew, or should, in the exercise of ordinary care, have known, of his attempt to board, the company will not be held liable.

Appeal from the district court for Douglas county: Charles Leslie, Judge. *Affirmed.*

*John O. Yeiser* and *E. A. Conaway,* for appellant.

*John L. Webster, contra.*

Flansburg, C.

Action for damages for personal injuries resulting to plaintiff while attempting to board one of defendant's street cars. The court directed a verdict for the defendant. Plaintiff appeals.

Plaintiff, by reason of an injury to his head sustained at the time of this accident, was caused to lose memory of the circumstances surrounding the accident, and at the time of trial he was still unable to recall how the accident occurred. His case therefore depends upon the testimony of one witness only, an employee of Armour Packing Company, who was a Lithuanian and spoke through an interpreter.

The accident happened at the corner of Thirty-first and Q streets in the city of Omaha at about 5:30 a. m., December 28, 1917, when it was still dark and very cold—about 15 degrees below zero. The witness just

mentioned was walking east on Q street, some 50 feet west of the corner of Thirty-first street, when the car passed him, also going east. At that time he said the car was going down hill and going very fast. The car was lighted, but the windows were frosted so that one could not see through them, and the conductor was not standing out on the rear platform. Witness noticed the plaintiff, at the southeast corner of Thirty-first and Q streets, step from the curb, just as the car reached him, and saw him take two or three steps slowly toward the car. He says the car slackened speed "a little," for about "a quarter of a minute," and just as the plaintiff reached for the handrail and lifted his foot to get on, the car went forward again very fast; that plaintiff ran about three or four steps along with the car, but failed to get on, fell, and sustained the injuries complained of.

There is no other testimony. No attempt was made to show by this witness how much the car slackened its speed, nor whether it slowed down to such an extent as to have reasonably allowed a person to attempt to board the car.

The relation of carrier and passenger as to street railroads is a contractual one, and arises from an offer on the part of a person to become a passenger, and an acceptance on the part of the operator of the car. The existence of the relation is usually implied from the particular attending circumstances. When a person takes a position at a place where cars usually stop, and by his attitude indicates a desire to become a passenger, and the speed of the car is slackened so as to reasonably lead him to believe that it is being stopped for him, and is slackened to such an extent that a person of ordinary care would have attempted to get on, then under those circumstances the person in attempting to board the car becomes a passenger, and the street railroad company owes him that high degree of care which springs from such relation. Such circumstances as just above described might create the relation of carrier and pas-

senger, even though the car was being stopped for some
other purpose than to receive passengers, since the per-
son seeking to become a passenger has a right to act
upon appearances. *Boles v. Lincoln Traction Co.,* 98
Neb. 405; *Nocita v. Omaha & C. B. Street R. Co.,* 89
Neb. 209; *Omaha & C. B. Street R. Co. v. Martin,* 48
Neb. 65; *Vrooman v. Harvey,* 197 S. W. (Mo.) 118;
*Chicago Union Traction Co. v. O'Brien,* 219 Ill. 303;
*Lewis v. Houston Electric Co.,* 39 Tex. Civ. App. 625.
When such relation is created, it is not negligence *per
se,* as held in the above cases, for a person to attempt to
board the car before it has come to a full stop, but the
question of negligence in such instances is ordinarily
one for the jury.

In the absence of any testimony from the plaintiff
himself, there is no showing in the instant case, as there
ordinarily is in cases of this kind, that the motorman
saw the plaintiff, nor that he seemed to notice him, nor
that he made any sign to him, nor that he did any such
affirmative act as might show an intention to recognize
the plaintiff as a passenger and indicate a grant of per-
mission to board the car. Any such act on the part of
the motorman might have gone far to create the relation
of carrier and passenger, even though the speed of the
car was not slowed as much as it should have been.
*Chicago Union Traction Co. v. O'Brien, supra.*

Such acts on the part of the motorman, however, can-
not be presumed, and the only evidence here is from the
one witness, who did not see the operators of the car,
and testifies only that the car slackened speed a little.
The plaintiff must rely entirely upon the sufficiency of
the proof of the one fact, that the speed of the car was
slackened to such an extent as to lead to a reasonable
inference that the motorman saw him and slowed the
car for the purpose of receiving him as a passenger,
and that the speed was so reduced as would cause a
reasonably prudent person to believe that he might
safely get on. Although it is the duty of the motorman

to keep a sharp lookout for passengers and stop the car at proper places to take on passengers, still, if he fails to do so, that does not authorize a person to endanger himself by attempting to board the car, nor does such an attempt under such circumstances create the contractual relation of carrier and passenger, except in such instances where the motorman by some affirmative act has reasonably led such person to believe that his attempt to board is known, approved of, and consented to. *Baltimore Traction Co. v. State,* 78 Md. 409. Where, however, it may be further said, the operators of the car arbitrarily refuse to stop and take on a person who offers himself as a passenger in a proper manner, such person, though he does not become a passenger, is relegated to his remedy for damages for wrongful exclusion.

In the instant case the witness for the plaintiff says the car was going very fast when it passed him and was going down hill, that it slowed a little, and that not until it had reached the plaintiff did he step out toward it. Whether plaintiff made any signal to the motorman, and whether he was seen or his signal responded to, we do not know. It is our opinion that the testimony is too indefinite on the question as to what extent the car slackened speed to present such a condition of circumstances as to lead to any reasonable inference that the plaintiff had been accepted as a passenger.

Where the relation of carrier and passenger does not exist, on the other hand, it is still true that the operator of the car owes a duty to exercise care toward any person on the street. Had the plaintiff attempted to board the car and placed himself in peril without the express or implied assent of the operator, and was then discovered, incurring a danger, or in the performance of a negligent act, it would have been the duty of the operator of the car to have exercised reasonable care to avoid an accident. However, in this case, if the plaintiff did in fact attempt to board the car, without first having been recognized as a passenger, there is no evidence to show

that the defendant's employees on the car ever became aware of the danger he had incurred, so that by reasonable care they could then have avoided injuring him.

We are therefore of opinion that the trial court properly directed a verdict in favor of the defendant, and recommend that the judgment be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.