**W. H. GUNTER, Appellant,**

v.

**John W. MORGAN, Appellee.**

**No. 8044.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 30, 1971.

C. V. Flanary, Paris, for appellant.

Robert Keith Drummond, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

Chadick, Chief Justice.

In the trial of this case the jury found (Special Issue No. 1) John W. Morgan "failed to keep his vehicle completely within his right half of the roadway" as required of a driver by Tex.Rev.Civ.Stat.Ann. art. 6701(d), Sec. 68(a), but (Special Issue No. 2) that such failure was not a proximate cause of the collision between his vehicle and that of W. H. Gunter on June 27, 1970. Morgan's conduct was also the subject of two additional issues. The jury found in response to these that Morgan did not turn his vehicle to his left from a direct course when it would have appeared to a person using ordinary care that

such movement could not be made with safety, and that he did not fail to keep a proper lookout. On the other hand, in passing upon Gunter's conduct the jury found he did not keep a proper lookout, did not make application of his brakes, failed to turn to the right, and drove at an excessive speed. The jury found Gunter's conduct in each instance was a proximate cause of the collision, as well as finding he incurred no damage.

The trial judge entered a take nothing judgment. Appellant Gunter appeals for reversal of the judgment on the grounds that the jury's verdict on Special Issue No. 2, the proximate cause issue, and the adverse verdict on the issues pertaining to Gunter's contributorily negligent conduct and damages was contrary to the great weight and preponderance of the evidence. And for the further reason that prejudicial testimony was admitted by the trial judge for the jury's consideration.

The record contains testimony that on the date of the collision Morgan was driving eastward with the traffic flow in the south lane of Lamar Street in the City of Paris, Texas, until he reached the vicinity of the Embers restaurant. The driveway to the restaurant opened off the north side of the street and was to Morgan's left as he proceeded eastward. To enter the driveway from his traffic lane Morgan was compelled to turn left into the street's westbound traffic lane. Morgan actuated his left-turn signal, checked his rear view mirror, and paused with his vehicle in or partly in the westward traffic lane. Simultaneously, Gunter was approaching Morgan from the east, moving in a westerly direction in the westbound lane at approximately 32 miles per hour. He was in excess of 90 feet away when he first discovered Morgan's street position, approximately two seconds before the collision. He testified that he did not have time to apply his brakes, and that he thought he could *get by* without colliding with Morgan. Evidence showed that a normal driver's reaction time is one-half to two-thirds of a second.

■ Choosing to question the jury's verdict on the proximate cause issue because it is contrary to the great weight and preponderance of the evidence is a tacit concession that the record contains some evidence of probative value supporting the jury's verdict on the issue. In support of this effort, Gunter argues that *but for* Morgan's failure to keep his vehicle completely within his right half of the roadway the collision would not have occurred. Such fact may be conceded, as *but for* this particular fact and an endless number of other facts and circumstances, the collision would not have occurred; causation was the true issue. In essence the jury was required to determine whether or not *Morgan's failure to keep his vehicle completely within his right half of the roadway was a cause of the collision*. The evidence tends to prove Morgan pulled into or partially into Gunter's lane of traffic, but as a cause of the collision, does that fact overwhelmingly outweigh and preponderate over facts that tend to prove ample space in the westbound lane to safely accommodate both vehicles?

Professor William L. Prosser, in harmony with all other authorities consulted, says that causation is a fact to be proved as any other fact may be proven. But Professor Prosser notes, "It is, furthermore, a fact upon which all the learning, literature and lore of the law are largely lost. It is a matter upon which any layman is quite as competent to sit in judgment as the most experienced court. For that reason, in the ordinary case, it is peculiarly a question for the jury." This court has no greater expertise in this field than the jury that heard the matter originally. In weighing all evidence and considering its preponderance, this court is unable to say the weight of the evidence greatly preponderates in favor of a conclusion that Morgan's conduct was a cause of the collision. The nature of the evidence supporting a finding that Morgan's conduct caused the collision is no more cogent or creditable than evidence that the collision was the result of other factors.

954

■ The conclusion expressed leaves for consideration Gunter's second point of error. He asserts the court erred in admitting over his objection testimony that Gunter had a drink of whiskey earlier in the morning on the day of the collision, and that a half-pint bottle containing whiskey was in appellant's vehicle when the collision occurred. In testifying Gunter explained that he had a drink from the bottle the night before and another a couple of hours preceding the collision. His credibility was for the jury's determination.

Intoxication might, under a particular fact situation, constitute negligence and the proximate cause of an injury, and of course, relevant evidence would be admissible to establish such fact. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (Tex. Sup.1952); Galveston-Houston Breweries v. Naylor, 249 S.W.2d 262 (Tex.Civ.App. Galveston 1952, writ ref'd, n. r. e.); 57 Am. Jur.2d Negligence Sec. 358 (1971). But wholly aside from pleading and proof of an action or defense of that nature, common experience has led to recognition that an automobile operator's mental and physical faculties and ability to properly drive may be impaired when such driver is under the influence of beverage alcohol,* and evidence tending to prove such condition is admissible and may be considered by the jury when driving ability, vigilance, judgment or reactions and similar matters are at issue. Dallas Railway & Terminal Co. v. Flowers, 284 S.W.2d 160 (Tex.Civ.App. Waco 1955, writ ref'd, n. r. e.); Brown v. Kirksey, 145 S.W.2d 217 (Tex.Civ.App. Beaumont 1940, no writ); Southwestern Bell Telephone Co. v. Ferris, 89 S.W.2d 229 (Tex.Civ.App. Dallas 1935, writ dism'd); Ford Motor Company v. Whitt, 81 S.W.2d 1032 (Tex.Civ.App. Amarillo 1935, writ ref'd); Southern Traction Co.

v. Kirksey, 222 S.W. 702 (Tex.Civ.App. Austin 1920, no writ); Lewis v. Houston Electric Co., 39 Tex.Civ.App. 625, 88 S.W. 489 (Tex.Civ.App. Houston 1905, no writ).

Having reached the conclusion expressed and finding no reversible error, the judgment of the trial court is affirmed.

---

* This folk knowledge was illustrated in Southern Traction Co. v. Kirkse infra, by this quotation from Robert Burns' Tom O'Shanter:
"Inspiring bold John Barleycorn, What dangers thou canst make us scorn."

Standard works on the life of Burns attest to his considerable observation and experience in this field.