TOM PARKER v. THE STATE.

No. 4754.   Decided February 20, 1918.

**1.—Murder—Allusion to Defendant's Failure to Testify.**

Where, upon trial of murder, the remarks of the county attorney were a direct allusion to defendant's failure to testify, and while brief, were a comment on that fact to the jury, in violation of article 790, C. C. P., the same was reversible error.

**2.—Same—Evidence—Practice in District Court.**

Where, upon trial of murder, the county attorney introduced certain testimony to the effect that some twenty minutes before deceased was killed he received a certain phone call, etc., to which the defendant objected, and the county attorney promised to connect the matter later on, but did not do so, the same should have been withdrawn.

**3.—Same—Evidence—Moral Turpitude.**

Upon trial of murder there was no error in excluding testimony of an attempt to introduce misdemeanor convictions to impeach a State's witness, and which involved no moral turpitude, and the same was properly excluded.

**4.—Same—Evidence—Declarations of Defendant.**

Upon trial of murder where there was testimony that defendant said that he was going to whip the driver of a certain car, although he did not call his name, there was no error in permitting the State to show that the deceased was the only driver of said car.

**5.—Same—Evidence—Circumstance.**

Upon trial of murder there was no error in admitting testimony that defendant was wearing a hat like the one the witness wore on the night the de-. ceased was killed, etc.

6.—Same—Continuance—Practice on Appeal.

Where the judgment is reversed and the cause remanded on other grounds, the overruling of the motion for continuance need not be reviewed on appeal.

Appeal from the District Court of Milam. Tried below before the Hon. John Watson.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Lyles & Lyles* and *Chambers & Wallace,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant appeals from a conviction for murder. The evidence was wholly circumstantial to establish his guilt. He did not testify.

Appellant has this bill which, after the proper heading, shows: "That on the trial of the above styled and numbered cause, that after the introduction of the evidence had been closed by both the State and the defendant, and after the charge of the court had been read to the jury, and while the county attorney, the Hon. Roy Baskin, was opening the case for the State that he did say to the jury, and use the following language substantially: 'Gentlemen of the jury, the defendant is guilty as shown by circumstances so strong that he could not face you and give a satisfactory explanation.'

"And be it further remembered that the defendant had not testified in the case, or offered to testify, and that immediately upon the making of said statement by the county attorney the defendant's counsel did thereupon except to the same, as a direct reference to the fact that the defendant had not testified in the case and that the language used was a direct charge that the reason that the defendant did not take the stand and testify was because he could not face the jury with a satisfactory explanation, and assumed from such fact that the reason the defendant had not taken the stand was that he had committed the homicide, and that said conduct and statement by the county attorney, used under the circumstances, was a direct violation of the statute, prohibiting a reference to the fact of the defendant's failure to testify, was an invasion on the defendant's rights and was highly prejudicial to the defendant and was irremediable, and the defendant here now tenders this his bill of exceptions to the argument and conduct of the county attorney, as aforesaid, and asks that the same be examined, approved and ordered filed as a part of the record in this case, and which is accordingly done."

This bill is approved by the judge without any explanation or qualification. The bill, as seen, does not show that the court made any ruling whatever. That the remarks of the county attorney were a

direct allusion to the appellant's failure to testify, and while brief, that it was a comment on that fact to the jury, can not be doubted. It was in direct violation of the statute (art. 790, C. C. P.) and the many decisions of this court holding that such action by the county attorney presents reversible error. See decisions noted in Vernon's Annotated Criminal Statutes under said article.

Appellant has another bill objecting to the testimony of Mr. Wilkerson to the effect that some twenty minutes before deceased was killed he received a phone call from "100," which was the whorehouse, and that he sent deceased, who was driving his car that night, down there in response to said call. When this testimony was offered and appellant objected thereto, the county attorney said that he would afterwards introduce testimony showing the connection and relevancy of such testimony. The bill shows that he did not later do that at all. The witness could testify properly that deceased was in his employ as a driver of his car and drove it that night, but that he received this particular call and sent him to that particular place in response thereto, might not be admissible unless it was shown to have had some bearing on some fact in the case. How it could have been injurious to appellant is not shown. It is perhaps harmless. But if objected to on another trial, unless in some way connected up so as to show its materiality it should not be admitted.

Any witness can be impeached by showing, when not too remote, that he has been convicted or properly indicted for a felony or a misdemeanor involving moral turpitude, but no other misdemeanor convictions are admissible for impeachment purposes. These principles are so well established by so many decisions we can not understand how it could be contended that a charge for aggravated assault and a conviction of simple assault in any other misdemeanor case not involving moral turpitude could be admissible. The court, therefore, did not err in excluding such testimony in the case, where an attempt was made to introduce such misdemeanor convictions to impeach the State's witness Adge Robinson. Nor was evidence that he had been in jail or arrested on any such charge admissible.

The State proved that on the same night deceased was killed, appellant said that he was going to whip the driver of Mr. Wilkerson's car. He did not call the name of the deceased. It was, therefore, permissible for the State to prove by Mr. Wilkerson that deceased was the only driver of any car he had at that time.

Nor did the court err in permitting the witness Penn Wolf to testify in substance that appellant was wearing a hat like the one he, the witness, wore the night deceased was killed and in then procuring his hat and exhibiting it to the jury and testifying that the hat deceased wore that night was something like his—"flat-top." This testimony was admissible.

As the case is to be reversed it is unnecessary to pass on whether the court erred in overruling his motion for a continuance.

For the error above pointed out the judgment is reversed and the case remanded.

*Reversed and remanded.*