## ASSOCIATED EMPLOYERS LLOYDS v. TULLOS.

### No. 4379.

Court of Civil Appeals of Texas. Beaumont.
Sept. 19, 1946.

Rehearing Denied Oct. 16, 1946.

Bryan & Bryan, of Houston, for appellant.

Campbell & Foreman, of Livingston, for appellee.

COE, Chief Justice.

This is a compensation case. The appellant, Associated Employers Lloyds, appealed from an adverse award of the Industrial Accident Board and filed suit in the district court of Polk county to set same aside. Appellee, W. C. Tullos, filed a cross action and became, as is usual in this type of case, the true plaintiff and the appellant the nominal defendant. Appellee, Tullos, contended in the court below for total, permanent disability and for a lump sum settlement of any compensation he may be entitled to. Appellant, while admitting that appellee had received an injury in the course of his employment, took the position that the payments made to appellee by appellant had more than compensated him for such injuries and that such injuries were completely healed without any ensuing disability, either partial or total, temporary or permanent.

Appellant took the further position that any disability, if any, suffered by appellee resulted from a diseased or infectious condition of the skin of the legs and feet of the appellee, as well as the congenital malformation. The case was tried to a jury, and verdict was returned finding total, permanent disability, and for a lump sum recovery. Appellant's amended motion for a new

trial having been by the trial court overruled, an appeal was perfected to this court.

Appellant has brought forward in its brief 13 points upon which it relies for a reversal. The facts pertinent to each of these points will be stated in connection with our discussion of same.

■ By appellant's point No. 1, they complain of the action of the trial court in overruling a motion of appellant to discharge the jury and declare a mistrial because of the alleged misconduct of the jury and plaintiff, W. C. Tullos, in holding and carrying on close and intimate conversation for at least 20 minutes by and between 8, or more, of the jurors and the plaintiff, W. C. Tullos. The record reveals that during the trial of the case, and upon the court reconvening after lunch, the attorney representing the appellant stated to the court that he and Mr. Darden, the insurance adjuster, upon leaving the restaurant where they had had lunch, saw some six or eight jurors gathered on a certain corner of the square and that the plaintiff, Mr. Tullos, was standing near the center of the group of jurors and was in conversation with them, but more particularly and seemingly in close conversation with the juror Laramore, and suggested to the court to satisfy himself of such facts and to discharge the jury and declare a mistrial. After locating the particular corner of the square where the attorney represented that he had seen the plaintiff carry on the conversation with the jurors, the court, without any further inquiry, overruled the motion. This matter was brought forward in appellant's amended motion for new trial, at which time the appellee specifically denied that any such occurrence had happened and that appellee had not been guilty of misconduct with the jury, as charged by the appellant. The appellant offered no testimony to support his allegations that such misconduct occurred, notwithstanding that the appellee had specifically denied that it had. Under such circumstances the trial court committed no error in overruling its amended motion for a new trial because of the matters complained of in this point. Furthermore, the amended motion for new trial complaining of such misconduct was not supported by affidavits and no reason was assigned why they could not be secured. For this reason the court was justified in giving no consideration to these allegations. Robertson v. Humble Oil & Refining Co., Tex.Civ.App., 116 S.W.2d 820, and cases there cited; Oliphant v. Buie, Tex.Civ. App., 134 S.W.2d 751.

■ By point No. 2, the appellant complains of the refusal of the trial court to permit appellant to introduce in evidence before the jury certain testimony given by appellee in the absence of the jury in connection with what appellant contends was an admission on the part of Mr. Tullos that he had stolen $60, or more, of money, appellant claiming that such evidence was admissible as impeaching testimony, and attacking the credibility of the witness. By point No. 2–B, appellant complains of the action of the trial court in refusing to permit appellant to have the court reporter read to the jury the questions and answers propounded to and given by the appellee in the absence of the jury, concerning his connection with the taking of said money, after the appellee had withdrawn his objections to such testimony. The record reveals that in the absence of the jury the attorney for appellant propounded to the appellee, Tullos, the following question: "Isn't it a fact, Mr. Tullos, that you confessed to the sheriff or his representative, or the constable, that you stole sixty dollars in quarters and dimes from a man living down near Ace and Rye?" to which he answered: "I didn't confess to stealing it, no, sir." Then followed several questions dealing with appellee's connection with the proposedly stolen money. However, as we construe the questions and answers the appellee at no time confessed that he was guilty of the crime of theft, there was no complaint or indictment filed or returned against appellee for the supposed offense. After a lengthy discussion with the court as to the admissibility of the proffered testimony, the appellee withdrew his objections, whereupon the appellant requested that the court reporter be permitted to read to the jury the questions and answers propounded to and given by appellee in the absence of the jury. Upon objection on the part of

appellee, the court refused the request to read such testimony and directed appellant's attorney to put the witness on the stand, this appellant refused to do, and now makes the contention that the refusal of the trial court to permit the court reporter to read such questions and answers is reversable error. With these contentions we are unable to agree. In the first place, we are of the opinion that the proffered testimony was inadmissible. The rule seems to be well settled that before this character of testimony is admissible in a civil suit that it must be shown that the witness has been legally charged by indictment, complaint or information and complaint, with an offense involving moral turpitude and has been legally convicted of such offense in a court of competent jurisdiction, or that the witness has been so legally charged with such offense and presently admits his guilt. The testimony being inadmissible, the appellant is in no position to complain of the action of the trial court in refusing to permit the testimony given in the absence of the jury to be read by the court reporter to the jury. Furthermore, we feel that the trial court did not abuse its discretion in requiring the appellant to place the witness on the stand and thereby permit him to give his testimony in the presence and hearing of the jury. 45 Texas Jurisprudence, Sec. 237, p. 123; Texas & N. O. R. Co. v. Parry et al., Tex.Com.App., 12 S.W.2d 997.

By point No. 3, appellant complains of the action of the court in attaching what it contends to be unnatural, improper, unreasonable and outrageous conditions to a granting of a motion of appellant to require physical examination of the appellee during the course of the trial, and by point 3-B appellant complains of the refusal of the court to grant appellant's motion to require appellee to submit his body and legs to medical examination by a doctor of appellant's choice in the presence of appellee's doctor, such examination to be made at 2 o'clock p. m. on the day the motion was made. During the process of the trial, and it appears near the end thereof, and while the plaintiff Tullos was on the stand, appellant's attorney moved the court for a physical examination of appellee, to be made at 2 o'clock p. m. on that day in

the presence of appellee's own doctor, or a doctor of his own selection, if he wishes, and in addition thereto that the appellee then be required to exhibit to Dr. Grimes and the jury his lower extremities —from his knees to his feet—that he raise his pants above his knees for actual physical examination. After a lengthy discussion back and forth between the court and the attorneys with reference to appellee being able to have present for such examination a doctor of his own choosing, the responsibility of appellant in paying the expenses, etc., of such doctor, and the fact that the appellant had used one doctor who had treated appellee for the injury complained of and had present another doctor who had treated appellee for such injuries, and the lateness of the request for an examination, the court finally ruled that if appellant would permit the appellee to select a doctor of his own choice, and if appellant would get him there and pay his expenses, that the court would permit the examination. This the appellant declined to do and the entire matter is assigned as error, requiring a reversal of this case.

This cause was filed on December 22, 1945, and went to trial on the 21st day of January, 1946; the foregoing request was made on January 23, 1946. Up to that time no request had been made to the court to require appellee to submit to a physical examination, and no reasons were set out in said motion pointing out why and how such examination would be beneficial or shed any light on the fact issues involved. Appellant simply relies on Sec. 4 of Art. 8307, Vernon's Civil Statutes, and the decisions of the court construing such article in support of its contention that the court committed reversable error in placing the conditions above set out upon appellant's right to have appellee submit to a physical examination. The authority of the court to order the physical examination of a claimant in a compensation case is a discretionary power and his action in connection therewith will not be disturbed by an appellate court unless it appears that such discretion has been abused. We can not say, as a matter of law, under the facts above set out that the trial court abused his discretion in placing the condition upon

appellant's right to have appellee to submit to a physical examination. The appellant having two doctors present, who had treated appellee for the injuries complained of, and nothing being called to the attention of the court that had arisen during the trial which made a physical examination of appellee advisable, the trial court was clearly within his rights in refusing or placing any reasonable conditions upon granting appellant's motion for such examination. We are of the further opinion that there is nothing in Art. 8307, Sec. 4, Vernon's Civil Statutes, that would require plaintiff to expose his body to the jury for an examination in the presence of the jury, and that the rule as laid down in the case of Gulf, C. & S. F. R. Co. v. Brown, Tex. Civ.App., 75 S.W. 807, and cases there cited, would apply, and there was no error in the action of the court in refusing such request. However, the record is not clear as to whether the trial court made any ruling on this phase of appellant's motion, the only ruling being the ruling made with reference to an examination by a doctor of appellant's choice, in the presence of a doctor of appellee's choice, to be made at 2 o'clock p. m. on that date. If it can be said that by implication this phase of appellant's motion was overruled by the court, we are of the opinion that there was no error in so doing.

By points 4, 5 and 6, which appellant has grouped, complaint is made because the court entered judgment in favor of appellee in the sum of $5,696.52, based on the finding of the jury awarding total, permanent incapacity and fair average weekly wage rate, contending the evidence, as a matter of law, does not support said judgment, and that the finding of the jury to the effect that another employee of the class as appellee had not worked substantially the whole year in the same or similar employment as appellee Tullos, while point No. 6 complained of the error of the trial court in submitting special issue No. 5 to the jury in the form as submitted, over the objections and exceptions of the appellant. The appellant's contention is that the evidence conclusively shows that another employee of the same class as appellee, engaged in the same or similar employment, worked substantially the whole of the year next preceding the date of appellee's injury, and that appellee's average weekly wage rate should be fixed in accordance with the average weekly wage of such employee, which is a lesser amount than that fixed by the jury as a fair average weekly wage rate of appellee. The record reveals that the appellee was employed at a small sawmill, referred to by the witness as a "peckerwood" sawmill. There seems to have been many such mills located in Polk County, where this accident occurred. There were also some large sawmills which operated more regularly than the small or "peckerwood" sawmills. Also the wage rate at the smaller sawmills was larger than the wage rate of the employees working at the larger mills. The evidence is overwhelming that no employee of the same class as appellee, working in the same, or similar, employment at any of these small sawmills, worked substantially the whole of the year immediately prior to appellee's injury. One witness who was called by the appellee, who was a bookkeeper for the Texas Long Leaf Lumber Company, one of the largest sawmills in the county, testified that he had checked the record of that mill and that at least one employee of the class of appellee, doing the same or similar work, had worked around 280 days, that the number of days such employees would work was controlled by the number of days the mill run and that the mill at which he worked ran as much as any of the big mills. On cross examination, the witness testified that such employee had worked between 280 and 290 days, and that such employees received 40 and 43 cents per hour, nine hour day, for five day week. Appellant contends that the testimony of this witness fixes as a matter of law the average weekly wage of appellee, notwithstanding the fact that several other witnesses testified that they knew of no employee of appellee's class, engaged in the same or similar employment, who had worked anywhere near the whole of a year. While we are inclined to the view that 280 days does not in law constitute substantially the whole of a year, we do not feel that it is necessary for us to pass.

upon that proposition, we feel that the testimony of other witnesses raised an issue of fact for the jury to pass upon and the court did not err in submitting the issue to the jury and did not err in entering judgment on the jury's findings. We see no merit in appellant's objections to the issue No. 13, submitting the foregoing question. Special issue No. 13, as submitted by the court, is as follows: "Do you find from the preponderance of the evidence that another employee of the same class as W. C. Tullos worked substantially the whole year from June 6, 1944, to June 6, 1945, in the same or similar employment as that in which plaintiff, W. C. Tullos, was engaged at the time of his injury, if any, in the same or neighboring place in that where he sustained such injury, if any? Answer yes or no." This issue seems to us to be in accordance with the approved form for such an issue and we see no merit in appellant's contention that such issue is misleading and confusing, and improper and prejudicial, restricted the inquiry in the minds of the jury to the little town of Moscow, where the mill at which appellee was working was located. These points are overruled.

■ By points Nos. 7 and 8, appellant complains of the refusal of the trial court to give as a part of his charge the requested issue inquiring whether or not any incapacity, temporary, total, permanent, or otherwise, claimed by appellee was not produced solely by the skin infection and sores on his legs and feet, and it requested an issue inquiring whether any discomfort or disability or pain suffered by appellee Tullos was not caused solely by congenital malformation of his pelvic bone. The record reveals that at the time of the trial, and for a long period of time theretofore, the appellee was and had been suffering to some extent from a skin disease, referred to as eczema, on his legs and feet and there was sufficient evidence to raise the issue that such skin infection could, and probably would produce some disability under certain conditions. Appellant requested several issues presenting its defense that appellee's disability, if any, was caused by the diseased condition of the legs and feet and not by any injury that he might have sustained. Special issue No. 12, requested by the defendant, is as follows: "Do you find from a preponderance of the evidence that the skin disease and infection on the plaintiff's legs and feet suffered by the plaintiff prior to June 6, 1945, produced any total incapacity on the part of the plaintiff, as that term has been defined to you?" This issue was submitted by the court in its main charge in almost the identical language, and was special issue No. 17 in the court's charge. Special issue No. 14, requested by the defendant, was as follows: "Do you find from a preponderance of the evidence that the skin disease and infection on the plaintiff's legs and feet following June 6, 1945, has produced or will produce any partial incapacity on the part of the plaintiff?" This charge was given in almost the identical language in the court's charge as issue No. 21. Appellant by its requested issue No. 7, requested the court to submit this issue: "Do you find any incapacity, whether temporary or partial, total or partial, now suffered, if any, by plaintiff, is produced solely by the skin infection and tissues on his legs and feet?"

Issues 17 and 21 of the court's charge was followed up by issue inquiring as to the duration and extent of any disability inquired about. The jury, however, answered issue No. 17 and No. 21 in the negative, thereby finding that appellee had suffered no disability, either total or partial, as the result of the skin infection on his legs and feet. The appellant having requested the court to submit these issues, we feel it a fair presentation of its defenses and it is in no position to complain of the failure of the court to submit requested issue No. 7, inquiring as to whether appellee's infected legs and feet were the sole proximate cause of his disability.

By points 9, 10 and 11, appellant contends that the finding of the jury to the effect that appellee had suffered permanent total incapacity, and requiring a lump sum payment, and finding the average weekly wage of appellee was $26.43, is unsupported by the evidence and contrary to

the overwhelming preponderance of the weight of the evidence, as well as the undisputed evidence. We overrule these points. We are of the opinion that the evidence was sufficient to raise the issues and to support the findings of the jury thereon.

Finding no error requiring a reversal of the trial court, same is affirmed.