## ARTHUR WILKINSON WARDROPE v. STATE

No. 32,484. November 30, 1960

*Robert C. Benavides*, Dallas 2, for appellant.

*Henry Wade*, Criminal District Attorney, *William D. Cox, Jr. Merlyn D. Sampels, Edward Miller, Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 10 days in jail and a fine of $100.00.

The evidence was undisputed that on the date alleged appellant drove his automobile upon a public street in the city of Dallas, and the only issue in dispute was as to appellant's intoxication at the time.

Witnesses called by the state testified that appellant was intoxicated on the occasion in question.

Testifying in his own behalf, appellant denied that he was intoxicated. Witnesses called by appellant corroborated his testimony.

On his direct examination, appellant testified as follows:

"Q. (By Mr. Sutton) Have you ever been convicted of any felony or misdemeanor or crime in your life? A. No sir."

On his cross and re-cross examination, appellant was questioned, over his objection, by state's counsel with reference to his having been previously arrested and placed in jail upon a charge of being drunk and disorderly and having posted a $10 bond for his release which was forfeited. Appellant objected to such inquiry on the ground that he only testified he had never been convicted of a crime, that the judgment of conviction would be the best evidence and that any other inquiry in connection therewith would be prejudicial and inflammatory. Upon the overruling of his objections by the court, appellant testified that he had been arrested and placed in jail upon a charge of being drunk and disorderly but denied that he was found guilty of the charge. Appellant also denied that he posted a $10 bond for his release which was forfeited.

Appellant's sole contention on appeal is that reversible error was committed by the court in permitting such cross examination in violation of Article 732a, V.A.C.C.P.

With such contention, we agree.

Under the provisions of Article 732a, supra, the fact that a defendant in a criminal case, or a witness in the case, has been charged by indictment, information or complaint with an offense is not admissible in evidence for the purpose of impeaching him unless upon a trial thereof he was finally convicted of the offense. Dukes v. State, 161 Tex. Cr. Rep. 423, 277 S.W. 2d 710.

Furthermore, the conviction which may be used for the pur-

pose of impeachment under Article 732a, supra, must be for a felony offense or one involving moral turpitude. Mauldin v. State, 165 Tex. Cr. Rep. 405, 308 S. W. 2d 36.

Appellant's cross examination with reference to having been arrested and charged with being drunk or disorderly was clearly in violation of Article 732a, supra. Rodriguez v. State, 160 Tex. Cr. Rep. 453, 272 S.W. 2d 366, and Hunter v. State, 168 Tex. Cr. Rep. 160, 324 S.W. 2d 17.

We are unable to agree with the state's contention that appellant's statement on direct examination that he had never been convicted of any "felony or misdemeaner or crime" authorized his impeachment by showing that he had been arrested and charged with being drunk and disorderly. While appellant's statement opened up the question of a prior conviction and would have authorized the state to show that he had been convicted of any crime, whether felony or misdemeanor, it did not authorize the state to show that he had been arrested and charged with an offense. No proof was offered by the state that appellant had in fact been convicted of a crime.

Kerrigan v. State, 167 Tex. Cr. Rep. 601, 321 S.W. 2d 884, and the other authorities relied upon by the state, would authorize the state under such circumstances to cross-examine appellant with reference to any prior conviction but not as to mere arrests and charges which were filed against him.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.