AMOCO CHEMICALS CORPORATION
and John Baker, Appellants,

v.

Benny E. STAFFORD, Appellee.

No. 01–82–0952–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1983.

Sawnie A. McEntire, John L. Yates, C. Kelvin Adams, Joe W. Redden, Jr., J. Douglas Sutter, Shawn Mathis, Robert C. Tarics, Houston, for appellants.

William Neumann, Jr., Charles W. Lyman, Woody McClellan, Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury awarded the appellee $75,029 for injuries he sustained when struck by a truck driven by John Baker, in the course of his employment with Amoco Chemicals. The appellants stipulated to liability, and the trial was held solely to determine the amount of damages.

The appellants complain of the court's exclusion of evidence concerning the appellee's alleged alcoholism and alcohol withdrawal. The trial court excluded evidence:

1. that the appellee was convicted of driving while intoxicated on two occasions;

2. that the appellee was arrested six times for public intoxication;

3. of the appellee's purported admission that he was treated for alcoholism two years before the accident, in 1975, at the Georgia War Veteran's Home; and

4. from Dr. Edward Murphy, the appellee's treating physician and expert witness, that certain symptoms the appellee suffered were common both to head injuries suffered in the accident and to alcoholism.

The appellants argued that the appellee's injuries and claims for lost wages and diminished earning capacity were at least partly due to his history of alcoholism, not to his being struck by their truck.

We hold that the evidence was properly excluded, and therefore, we affirm the judgment.

■ The appellee testified in a bill of exceptions outside the jury's presence that he had been convicted twice of driving while intoxicated, once before the accident and once after. Two convictions of driving while intoxicated are insufficient to establish the condition of alcoholism. *Compton v. Jay,* 389 S.W.2d 639, 642–643 (Tex.1965). Such evidence was held inadmissible in *Compton* even though liability was contested and the defendant admitted drinking prior to the accident and pleading guilty to driving while intoxicated arising from the very collision in that case. The Supreme Court noted that there was no testimony

offered to show that Mr. Compton had a reputation for insobriety, or that he drank habitually or even frequently. *Compton v. Jay* at 642. Such evidence is also absent in this case. The appellee's admission of the two prior convictions was, therefore, properly excluded. See also *McCarty v. Gappelberg*, 273 S.W.2d 943, 947–949 (Tex.Civ.App. —Fort Worth 1954, writ ref'd n.r.e.).

 The evidence of the prior arrests for public intoxication was also properly excluded. Evidence of prior criminal charges against a witness, which did not result in conviction, is admissible only if the witness admits that he is guilty of charges. *Ervin v. Gulf States, Inc.*, 594 S.W.2d 134, 137 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Since the appellee made no such admission, testimony regarding the arrests was properly excluded.

 The court also properly excluded the appellee's deposition testimony allegedly admitting treatment for alcoholism or alcohol abuse in 1975 at Georgia War Veteran's Home. This was two years before the accident in question and seven years before the trial of this case. The purported admission was offered by the appellants on the bill of exception outside the jury's presence. The appellee gave live testimony that he went to the Georgia Veteran's Home "to get a physical and to live there." The appellants asked if he "went into the war veteran's home to be treated for alcohol abuse and alcoholism." He answered, "No. To get a physical and to live there. No. That is not what I went there for. I went to live there. They had a number of programs. You join them all." The appellant then read the appellee's deposition into the bill of exceptions as follows:

Q. "Have you ever been treated for any sort of alcoholism or alcohol abuse, sir?

A. Well, I guess you can say I have.

Q. When were you first treated for that?

A. At the War Veteran's Home there."

The subject was dropped after the appellee confirmed that "there" meant the War Veteran's Home in Milledgeville, Georgia.

The appellee clarified or modified this "admission" by testifying that he went to the home for a different purpose, to live there and get a physical, and, once there, residents join all programs. As qualified, the admission was not unequivocal. It was never shown that he was diagnosed as an alcoholic by any one competent to do so, nor did the appellee admit he was an alcoholic. The appellants never produced the appellee's record from the Veterans Home. They never offered evidence of an independent medical exam of the appellee conducted by a physician of their choice, as allowed by Tex.R.Civ.Pro. 167a. They never showed what the "treatment" consisted of, who administered it, or how the patients were selected. They never showed medical evidence that alcoholism, if any, in 1975, could account for symptoms two to seven years later.

 Texas cases hold that it is a function of the doctor, not the patient, to diagnose a disease not within a layman's common knowledge. *Gerland's Food Fair Inc. v. Hare*, 611 S.W.2d 113 (Tex.Civ.App.— Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Tyler Mirror & Glass Co. v. Simpkins*, 407 S.W.2d 807 (Tex.Civ.App.—Tyler, 1966, writ ref'd n.r.e.). In the *Gerland's* case the plaintiff testified that she had brain damage and had been so advised by her physician. Such evidence was held to be both incompetent and hearsay and was totally disregarded by the appellate court, even though no objection had been made at trial. The presence or absence of alcoholism, together with its effect on the rest of the body, are subjects within the field of medical expertise. We hold that testimony from a medical expert is required as a predicate to its admission.

 In addition, the appellee's statement, "Well, I guess you can say I have," was equivocal, was denied under oath, and was never attributed, even by hearsay, to a competent medical expert. The factors favoring its admission are not as strong as those

favoring the admission of the evidence disregarded in the *Gerland's* case. When, as in the instant case, the appellee suffered a skull fracture, a concussion and a nerve damage, all admittedly due solely to the appellants' negligence, so that serious symptoms of the type proved should have been reasonably expected, we cannot say that the court erred in concluding that the prejudicial effect of the evidence regarding alcoholism greatly exceeded its probative value. In the complete absence of expert medical testimony establishing that the appellee was an alcoholic or suffered from alcohol withdrawal, it was reasonable for the judge to prevent a fishing expedition in the jury's presence on such a potentially stigmatizing event.[1]

We are not persuaded by the appellant's reliance on *Deuberry v. Texas Indemnity Co.,* 478 S.W.2d 606, 609 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.). In *Deuberry* the court held that it was proper in a workmen's compensation case to admit evidence of alcoholism in order to show that the worker's incapacity lasting 53 weeks was not due to the knee injury he suffered on the job. However, the court expressly relied upon "direct evidence," principally from the admissions of the plaintiff of his disability from the habitual use of alcohol occurring before and after the injury, and took special note of admitted illnesses and work absences related to alcoholism. Here we have inference and innuendo, but no direct evidence of alcoholism.

The final argument of the appellants is that the court wrongly excluded the deposition testimony of Dr. Murphy that some symptoms the appellee suffered could possibly have been associated with alcoholism or alcohol withdrawal, as well as with the injuries the appellee suffered in the accident. Since no competent evidence indicated that the appellee was an alcoholic or suffered from alcohol withdrawal, the similarity of symptoms was either irrelevant or

so highly speculative and prejudicial that its harm to the appellee would have greatly exceeded its probative value. No error has been shown.

All evidence complained of by the appellants was properly excluded and, therefore, all points of error are overruled.

The judgment is affirmed.

---

1. Dr. Murphy stated in his deposition that symptoms of alcoholism and alcohol abuse can be discovered by conducting various medical tests, several of which were performed upon the appellee by Dr. Murphy during the course of his treatment, and such tests did not indicate alcoholism.