COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-085-CR
 
  
JOSEPHUS 
DAVIS IV A/K/A                                                    APPELLANT
JOSEPHUS 
DAVIS
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal from a murder conviction. A jury found appellant guilty and 
sentenced him to confinement for life. We affirm the trial court’s judgment.
        Appellant 
and Heather Watson were walking on North Main Street in Fort Worth around 11:00 
p.m. on August 26, 2001, when they noticed Jesse Sanchez’s “real nice” 
pickup truck parked outside the Cowboy Inn. While appellant waited nearby, 
Watson entered the truck from the passenger’s side and attempted to engage 
Sanchez in an act of prostitution. When Sanchez began to argue or negotiate 
about the price of a “trick,” appellant opened Sanchez’s door and stabbed 
Sanchez, who died some time later.
        After 
his arrest, appellant executed a written statement in which he admitted to 
stabbing Sanchez. Fifty days later, however, appellant executed a second written 
statement claiming that Watson killed Sanchez.
        In 
his first point, appellant contends that the trial court erred by sustaining the 
State’s objection to his cross-examination of Watson about whether she had a 
habit of carrying a knife for self-protection.[2]
        We 
review a trial court’s ruling on the admissibility of evidence for an abuse of 
discretion. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 
2000). If the trial court’s ruling was within the zone of reasonable 
disagreement, we must uphold it. Id. Additionally, we review the trial 
court’s ruling in light of what was before the trial court at the time the 
ruling was made. Id.
        The 
admissibility of habit evidence is governed by Texas Rule of Evidence 406:
 
Evidence 
of the habit of a person or of the routine practice of an organization, whether 
corroborated or not and regardless of the presence of eyewitnesses, is relevant 
to prove that the conduct of the person or organization on a particular occasion 
was in conformity with the habit or routine practice.

 
Tex. R. Evid. 406. To be admissible 
under Rule 406, testimony about an individual’s habit must establish that the 
conduct is a “regular response to a repeated specific situation.” Compton 
v. Jay, 389 S.W.2d 639, 642 (Tex. 1965); Pacesetter Corp. v. Barrickman, 
885 S.W.2d 256, 263 (Tex. App.—Tyler 1994, no writ).
        In 
this case, Watson testified outside the presence of the jury that she had 
carried a knife with her more than once for self-protection in her work as a 
prostitute and that she had a reputation for carrying a knife 
“occasionally.” She also stated that she had displayed the knife more than 
once, but that she had never used it. This testimony does not establish that 
carrying a knife for self-protection is a “regular response to a repeated 
specific situation.” See Compton, 389 S.W.2d at 642; Pacesetter 
Corp., 885 S.W.2d at 263. At best, all that can be determined from the 
testimony is that Watson carries a knife at times and does not carry a knife at 
other times. Because appellant did not establish that Watson carried a knife 
with any degree of frequency and regularity, we cannot say that the trial court 
abused its discretion in refusing to admit her testimony as habit evidence. Cf. 
Pacesetter Corp., 885 S.W.2d at 263 (two incidents does not meet test of 
frequency and regularity to be admissible as habit evidence). We overrule 
appellant’s first point.
        In 
his second point, appellant contends that the trial court erred in overruling 
his motion for a mistrial based on the prosecutor’s statement during closing 
argument that he “couldn’t believe” that appellant’s defense theory is 
that Watson “did it because she wanted to rob Jesse [Sanchez].” The court 
sustained appellant’s objection to the argument and instructed the jury to 
disregard the comment, but overruled appellant’s motion for a mistrial.
        When 
the trial court sustains an objection and instructs the jury to disregard but 
denies a defendant’s motion for a mistrial, the issue is whether the court 
erred in denying the mistrial. Faulkner v. State, 940 S.W.2d 308, 312 
(Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g). Generally, 
an instruction to disregard impermissible argument cures any prejudicial effect. 
Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert. 
denied, 532 U.S. 944 (2001); Faulkner, 940 S.W.2d at 312. In 
assessing the curative effect of the court’s instruction to disregard, the 
correct inquiry is whether, in light of the record as a whole, the argument was 
extreme, manifestly improper, injected new and harmful facts into the case, or 
violated a mandatory statutory provision and was thus so inflammatory that the 
instruction to disregard was ineffective. Wesbrook, 29 S.W.3d at 115-16; Hernandez 
v. State, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991), cert. denied, 
504 U.S. 974 (1992). If the instruction cured any harm caused by the improper 
argument, a reviewing court should find that the trial court did not err. Faulkner, 
940 S.W.2d at 312.
        In 
light of the record as a whole, we cannot say that the prosecutor’s argument 
injected new and harmful facts into the case or was so extreme or manifestly 
improper that the court’s instruction to disregard could not cure any 
potential harm. The prosecutor made the objectionable comment only once and did 
not attempt to repeat the opinion. This comment did not inject any new and 
harmful facts into the case. By this point in the trial, the jury had heard very 
strong evidence discrediting appellant’s theory that Watson killed Sanchez as 
part of a robbery. They had appellant’s written confession, which included an 
accurate description of the murder weapon. Testimony established that appellant 
had changed his story several times after the murder when telling it to the 
police and to his own father. The physical evidence also favored Watson’s 
story over appellant’s. His shirt had blood stains on it and Watson’s did 
not. The passenger-side door had no blood on it while the driver-side door had a 
bloody handprint, and both appellant and Watson had testified that Watson exited 
the truck from the passenger-side door.
        The 
evidence also established that Watson regularly worked as a prostitute around 
the location of the murder and often met her clients in their cars. A wallet 
with $257 inside was found on the front seat of Sanchez’s truck after his 
death. The State had argued from this evidence that it was far more likely that 
Watson went into Sanchez’s truck to negotiate an act of prostitution rather 
than to rob him.
        Based 
on these factors, we conclude that the trial court did not err in denying 
appellant’s motion for a mistrial. Appellant’s second point is overruled.
        Having 
overruled both of appellant’s points, we affirm the trial court’s judgment.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 15, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant also contends that the trial court’s ruling violated his rights 
under the Confrontation Clause of the United States Constitution, but he did not 
object to the ruling on this ground at trial. He has, therefore, waived his 
right to raise this complaint on appeal. See Tex. R. App. P. 33.1; Miller v. State, 
940 S.W.2d 810, 815-16 (Tex. App.—Fort Worth 1997, pet. ref’d).