Josephus Davis v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-085-CR

JOSEPHUS DAVIS IV A/K/A APPELLANT

JOSEPHUS DAVIS

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a murder conviction.  A jury found appellant guilty and sentenced him to confinement for life.  We affirm the trial court’s judgment.

Appellant and Heather Watson were walking on North Main Street in Fort Worth around 11:00 p.m. on August 26, 2001, when they noticed Jesse Sanchez’s “real nice” pickup truck parked outside the Cowboy Inn.  While appellant waited nearby, Watson entered the truck from the passenger’s side and attempted to engage Sanchez in an act of prostitution.  When Sanchez began to argue or negotiate about the price of a “trick,”  appellant opened Sanchez’s door and stabbed Sanchez, who died some time later.  

After his arrest, appellant executed a written statement in which he admitted to stabbing Sanchez.  Fifty days later, however, appellant executed a second written statement claiming that Watson killed Sanchez.  

In his first point, appellant contends that the trial court erred by sustaining the State’s objection to his cross-examination of Watson about whether she had a habit of carrying a knife for self-protection.
(footnote: 2)
 We review a trial court’s ruling on the admissibility of evidence for an abuse of discretion.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  If the trial court’s ruling was within the zone of reasonable disagreement, we must uphold it.  
Id
.  Additionally, we review the trial court’s ruling in light of what was before the trial court at the time the ruling was made.  
Id
.

The admissibility of habit evidence is governed by Texas Rule of Evidence 406:

Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Tex. R. Evid.
 406.  
To be admissible under Rule 406, testimony about an individual’s habit must establish that the conduct is a “regular response to a repeated specific situation.”  
Compton v. Jay
, 389 S.W.2d 639, 642 (Tex. 1965);
 Pacesetter Corp. v. Barrickman
, 885 S.W.2d 256, 263 (Tex. App.—Tyler 1994, no writ). 

In this case, Watson testified outside the presence of the jury that she had carried a knife with her more than once for self-protection in her work as a prostitute and that she had a reputation for carrying a knife “occasionally.”  She also stated that she had displayed the knife more than once, but that she had never used it.  This testimony does not establish that carrying a knife for self-protection is a “regular response to a repeated specific situation.”  
See Compton
, 389 S.W.2d at 642;
 Pacesetter Corp.
, 885 S.W.2d at 263.  At best, all that can be determined from the testimony is that Watson carries a knife at times and does not carry a knife at other times.  Because appellant did not establish that Watson carried a knife with any degree of frequency and regularity, we cannot say that the trial court abused its discretion in refusing to admit her testimony as habit evidence.  
Cf. Pacesetter Corp.
, 885 S.W.2d at 263 (two incidents does not meet test of frequency and regularity to be admissible as habit evidence).
  We overrule appellant’s first point.

In his second point, appellant contends that the trial court erred in overruling his motion for a mistrial based on the prosecutor’s statement during closing argument that he “couldn’t believe” that appellant’s defense theory is that Watson “did it because she wanted to rob Jesse [Sanchez].”  The court sustained appellant’s objection to the argument and instructed the jury to  disregard the comment, but overruled appellant’s motion for a mistrial.  

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the court erred in denying the mistrial.  
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).  Generally, an instruction to disregard impermissible argument cures any prejudicial effect.  
Wesbrook v. State
, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001); 
Faulkner
, 940 S.W.2d at 312.  In assessing the curative effect of the court’s instruction to disregard, the correct inquiry is whether, in light of the record as a whole, the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that the instruction to disregard was ineffective.  
Wesbrook
, 29 S.W.3d at 115-16; 
Hernandez v. State
, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991), 
cert. denied
, 504 U.S. 974 (1992).  If the instruction cured any harm caused by the improper argument, a reviewing court should find that the trial court did not err.  
Faulkner
, 940 S.W.2d at 312.

In light of the record as a whole, we cannot say that the prosecutor’s argument injected new and harmful facts into the case or was so extreme or manifestly improper that the court’s instruction to disregard could not cure any potential harm.  The prosecutor made the objectionable comment only once and did not attempt to repeat the opinion.  This comment did not inject any new and harmful facts into the case.  By this point in the trial, the jury had heard very strong evidence discrediting appellant’s theory that Watson killed Sanchez as part of a robbery.  They had appellant’s written confession, which included an accurate description of the murder weapon.  Testimony established that appellant had changed his story several times after the murder when telling it to the police and to his own father.  The physical evidence also favored Watson’s story over appellant’s.  His shirt had blood stains on it and Watson’s did not.  The passenger-side door had no blood on it while the driver-side door had a bloody handprint, and both appellant and Watson had testified that Watson exited the truck from the passenger-side door.

The evidence also established that Watson regularly worked as a prostitute around the location of the murder and often met her clients in their cars.  A wallet with $257 inside was found on the front seat of Sanchez’s truck after his death.  The State had argued from this evidence that it was far more likely that Watson went into Sanchez’s truck to negotiate an act of prostitution rather than to rob him.  

Based on these factors, we conclude that the trial court did not err in denying appellant’s motion for a mistrial.  Appellant’s second point is overruled.

Having overruled both of appellant’s points, we affirm the trial court’s judgment.  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 15, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2: Appellant also contends that the trial court’s ruling violated his rights under the Confrontation Clause of the United States Constitution, but he did not object to the ruling on this ground at trial.  He has, therefore, waived his right to raise this complaint on appeal.  
See 
Tex. R. App
. P. 33.1; 
Miller v. State
, 940 S.W.2d 810, 815-16 (Tex. App.—Fort Worth 1997, pet. ref’d).