**J. W. DEUBERRY, Appellant,**

v.

**TEXAS PACIFIC INDEMNITY COMPANY, Appellee.**

No. 17319.

Court of Civil Appeals of Texas, Fort Worth.

March 17, 1972.

Rehearing Denied April 14, 1972.

Kearby Peery, Wichita Falls, for appellant.

Fillmore, Parish, Martin, Kramer & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

Workmen's compensation case. Plaintiff J. W. Deuberry sustained personal injuries on November 9, 1970 while acting in scope and course of his employment and was paid weekly compensation for a period of 42 weeks by the defendant Texas Pacific Indemnity Company, insurer of plaintiff's employer. Subsequent claim and suit was for compensation for total and permanent disability.

Pursuant to verdict of the jury judgment was rendered based upon a finding of 53 weeks as the duration of plaintiff's temporary total disability. By other findings the jury found such disability to have been resultant from an injury to plaintiff's left knee and that disability sustained was because of that injury alone.

Essentially plaintiff predicated his claim of total permanent disability upon a back injury alleged to have been sustained at the same time of his knee injury. In answer to a plaintiff's issue the jury answered "No" to the inquiry of whether his injury consisted in part of an injury to his back;

and in answer to a defendant's issue the jury found that, except for such disability as may have resulted from the injury to plaintiff's knee, his disability had been or would be caused solely by conditions, to-wit: Alcoholism and/or acquired disc disease with bulging at the L 4–5 level, existent independent of, unrelated to, and not aggravated by, the injury sustained by plaintiff.

The jury refused, by its answer "No", to find that manifest hardship and injustice would result if the compensation to which plaintiff was entitled was not paid in a lump sum.

Plaintiff, not being satisfied with the award of the judgment based upon the jury verdict, perfected his appeal.

We affirm.

Plaintiff's first three points of error complain of the admission of evidence whereby the defendant sought to refute plaintiff's evidence of injury to his back and/or disability in consequence of back injury, and in contradiction thereof to establish its own pleaded contention that plaintiff's disability was caused solely by conditions existing independent of, unrelated to and not aggravated by the injury sustained by him on the occasion in question.

Material, we believe, is plaintiff's own testimony on cross-examination to the effect that in the summer of 1971 he was admitted as a patient in a hospital in Wichita Falls devoted to rehabilitation of persons addicted to the use of alcohol. By his own testimony he was there for a period of four days undergoing treatment afforded by the hospital for alcoholism. By other evidence the period of treatment was shown as six days. Plaintiff admitted that he was in the hospital at such time to receive rehabilitation treatment, with the hope and expectation that he could be able to work when they got through with him.

Plaintiff further testified that "outside" his injuries made the subject of suit and

subsequent thereto, he never suffered any illness other than occasioned by his alcohol problem. Defendant's witness W. A. Spoonts, Director of Draughon's Business College, testified that on two occasions— in August, 1971 and in September, 1971— plaintiff entered his enrollment as a student in business college and attended on the first occasion approximately 10 days, and on the second occasion approximately 15 days, but ceased as an enrolled student on both of these occasions for a reason given as "illness".

Substantially, the remainder of defendant's evidence of plaintiff's habits of intemperance, or of conditions of intoxication affecting his ability to work, related to a period antecedent to November 9, 1970, the date of his injury. Evidence bearing thereupon related principally to the year 1968, but there was some evidence thereof leading up to the very day he went to work. This was three or four weeks prior to November 9, 1970.

We take note that plaintiff's attorney made every effort to protect his client in the prevention of defendant's offer of such evidence before the jury, its reception by order of the court, and its consideration by the jury in its deliberations. Thus the question is clearly defined: Was the evidence of plaintiff's habit of intoxication and its effects upon his incapacity to perform the tasks of a workman properly admitted? We are convinced that it was.

Plaintiff argues inadmissibility of the evidence, or at least such evidence as related to *prior* intemperate habits, upon this court's own case. McCarty v. Gappelberg, 273 S.W.2d 943, 46 A.L.R.2d 98 (Fort Worth, Tex.Civ.App., 1954, writ ref., n. r. e.). In American Law Reports the case is followed (46 A.L.R.2d 103) by the Annotation: "Admissibility of evidence showing plaintiff's antecedent intemperate habits, in personal injury motor vehicle accident action." In that case the question to be resolved was the admissibility of prior in-

temperate habits of the plaintiff, a pedestrian who was struck by a motor vehicle while he was crossing the street at a crosswalk, sought to be shown for the purpose of raising the inference that he was under the influence of alcohol at the very time he was struck. In no way was there any consideration in said case of any bearing prior intemperate habits might have had upon the plaintiff's injuries, or disability resultant therefrom, as for example: under a claim that there was undue extension of his period of incapacity or existence of any period of incapacity following injury because of condition resultant from his intemperate habits, etc. There was no evidence of intemperate habits subsequent to date of such injuries.

In *Gappelberg* we held that for the purpose of establishing the primary fact for which it was admitted, that plaintiff was intoxicated at the time of his accidental injury, it was inadmissible and amounted to reversible error under the test of Texas Rules of Civil Procedure 434. We see no relation between *Gappelberg* and the instant case and are of the opinion that our decision here is in no way controlled thereby. In the instant case plaintiff did not sustain his injury while in a state of intoxication or as a result of intemperate habits, and there was no claim that he did.

Here the material issue was whether the intemperate habits of the plaintiff, rather than any disabled condition of his back, caused his total disability, if there was any, after the period he might have been or might be disabled on account of injury to his knee. That such total disability, if any, as was sustained by plaintiff after termination of disability occasioned by reason of the knee injury was thus resultant was the contention of the defendant insurance company. By the jury's answers to special issues under affirmative defensive pleadings the validity of the contention was established. As already noticed the accidental injury plaintiff sustained was not caused by his intemperate habits. Such habits were never

contended to have any bearing upon the inception of insurance company liability for compensation, but only upon the extent and duration of the plaintiff's disability and the compensation benefits due to be paid as a consequence.

It was for 53 weeks that plaintiff's total incapacity existed in consequence of his knee injury. Thus there was a particular occasion, or a series of occasions, or indeed a continuous occasion, upon which the fact of plaintiff's alleged total disability was material to our consideration. Such occasion(s) would be one or more or all the days following the initial 53 week period during which plaintiff claimed he continued to be totally incapacitated, and up to the time of trial. Since, at least as applied to the instant case, disability consequences of addiction to intoxication would stand in the place of intoxication, the law is set forth in the last sentence to be observed in Texas Law of Evidence, McCormick and Ray, Ch. 28, "Circumstantial Evidence", p. 356, "Habit or Custom", Sec. 1512, "Intoxication", would have application to the question to be resolved. We quote: "The rule in this state appears to be that habits of intemperance or sobriety are admissible to corroborate or rebut the alleged fact of intoxication on the particular occasion, but only when that issue has been raised by other evidence and not otherwise."

We have noted the evidence, principally from the admissions of plaintiff on cross-examination, upon his disability from habitual or intemperate use of alcoholic beverages subsequent to the time of his injury. This was direct evidence. Additional evidence relative to like disability from the same habitual or intemperate use occurring *prior* to the date of his injury would be admissible as corroborative evidence under the rule quoted in the preceding paragraph. The question of whether his incapacity subsequent to date of his injury was or not due to that same habitual or intemperate use constituted the fact determined by the jury under defendant's affirmative pleading. Of course the same evidence would be admissible under defendant's general denial for it was plaintiff's burden to establish the duration of total disability subsequent to and in consequence of the back injury, if any. See Jones on Evidence, 5th Ed., p. 279, "Relevancy", Sec. 156, "Collateral Facts—Similarity of Conditions"; Wigmore on Evidence, Title I, "Circumstantial Evidence", Ch. X, Topic II, "Evidence to Prove Physical Condition or Capacity (Strength, Skill, Health, etc.)", Sec. 225, "Prior or Subsequent Condition"; 22 Am.Jur.2d, p. 418, "Damages", Sec. 317, "Character and habits of person injured"; 9 A.L.R. 1405, Annotation: "Evidence of intemperate habits on question of damages from death or personal injuries"; 23 Tex.Jur.2d, p. 202, "Evidence", Sec. 139, "(Relevancy as Dependent on Other Evidence)—In general"; and that part of Sec. 126 (on page 184), "(Tests of relevancy and materiality)—Collateralness", relating to propriety of evidence which, considered alone or in connection with other established facts, tends to establish to some degree of certainty a principal fact in issue.

Furthermore, we hold that admission of evidence of *prior* habitual or intemperate use of alcohol by a workman in a compensation case would be admissible on the issue of present or "lump sum" payment of compensation claimed as due for future compensation payments. A proper answer to the question involved would necessarily require the exercise of discretion by the jury. The jury would be entitled to consider, among other things, the capability of the injured workman to handle a large sum to his own advantage in making the decision whether it would be better for him to be paid in a "lump sum" rather than to receive weekly compensation in installments. The jury would be entitled to take prospective habitual or intemperate use of alcohol into consideration in arriving at its answer to such issue. We also believe it would be entitled to know plaintiff's antecedent experience involving such a habit if not too remote. We have been cited to

no authority, nor have we found any, but we believe our holding accords with logic and reason.

A point of error complains of the admissibility of a certain medical report, offered by the defendant for the sole and restricted purpose of showing the date of receipt. The body of the letter contained the statement, "In regard to past history, this patient states he has never had a knee injury or a back injury heretofore." The statement quoted was an impeachment, by hearsay, of evidence that plaintiff did have a slight back injury some two years earlier, and a knee injury in 1968. The same letter also said, "The next day, he began to note pain in the left hip and low back region." This was an impeachment, by hearsay, of the plaintiff's story that he immediately experienced pain in his low back and hip as well as his knee.

The authorities are to the effect that receipt of the letter for the restricted limited purpose it was tendered would be proper. As applied to the circumstances of the instant case, we might deem that there might exist some rational basis for an exception to the general rule if it were important and determinative of the appeal. However, upon examination of the entire record in the case, we have concluded that admitting the instrument, if error, would not amount to reversible error. Its reception, if error, was not reasonably calculated to cause and was not such as did probably cause the jury to return a verdict other than that it would have returned had it been excluded (or at least the impeaching hearsay part excluded). T.R.C.P. 434.

Our discussion covers the material questions involved though not all. We take occasion to state that the verdict was not contrary to the great weight and preponderance of the evidence. To write further would be to unduly lengthen the opinion. Suffice it be to state that we have severally considered each of plaintiff's points of error and overrule all of them.

Judgment affirmed.